EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Angel M. Maymí Martínez  Recurrido  v.  Gobierno Municipal Autónomo de Ponce  Recurrente  Junta de Apelaciones sobre Construcciones y Lotificaciones  Interventora-Peticionaria | Certiorari  2000 TSPR 114 |
|---|---|

Número del Caso: CC-1999-0504

Fecha: 30/06/2000

Tribunal de Circuito de Apelaciones: Circuito Regional V

Juez Ponente: Hon. Jorge Segarra Olivero

Abogada de la Junta de Apleaciones sobre
Construcciones y Lotificaciones:

Lcda. Lydia M. Rodríguez Cruz

Abogada del Municipio Autónomo de Ponce:

Lcda. Luisa González Degró

Abogado de Angel M. Maymí Martínez:

Lcdo. Daniel Martínez Oquendo

Materia: Revisión de Decisión de Agencia Administrativa

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Ángel Maymí Martínez
   Demandante-Recurrido

             v.

Gobierno Municipal Autónomo
de Ponce                          CC-99-504      Certiorari
        Recurrente


Junta de Apelaciones sobre
Construcciones y Lotificaciones
   Interventora-Peticionaria




                        PER CURIAM



San Juan, Puerto Rico, a 30 de junio de 2000

                           I

     El 1 de agosto de 1994, Angel Maymí Martínez adquirió

una estación de gasolina en una propiedad sita en la

Carretera Estatal PR-132, Km. 25.2, Barrio Canas,

Municipio de Ponce. El 10 de febrero de 1995, Maymí

Martínez solicitó a la **Oficina de Permisos del Municipio de**

**Ponce** que le expidiera un permiso de uso a su nombre para

poder continuar con la operación del colmado-cafetería **con**

**venta de bebidas alcohólicas selladas.**

     El 7 de marzo de 1995, la Oficina de Permisos le

expidió un permiso de uso a su nombre autorizándole

operación de la estación de gasolina y minicolmado,

pero **sin venta de bebidas alcohólicas**. Al día siguiente Maymí Martínez presentó reconsideración para que dicho permiso incluyera la venta de bebidas alcohólicas.

El 18 de abril, la Oficina de Permisos se reafirmó en su decisión de no permitirlo, toda vez que "la venta de bebidas alcohólicas no cumple con una **No Conformidad Legal** según lo dispone el Título I, Capítulo 2.00, Sección 2.02 del Reglamento de Ordenación del Municipio Autónomo de Ponce. En dicha resolución, le advirtió a Maymí Martínez su derecho a apelar decisión directamente ante la Junta de Apelaciones sobre Construcciones y Lotificaciones, dentro del término de treinta (30) días contados a partir de la fecha del depósito en el correo de la notificación.

El 4 de mayo Maymí Martínez presentó escrito de apelación ante la Junta de Apelaciones. En esencia adujo que procedía la concesión del permiso de uso solicitado a su nombre puesto que el anterior dueño de la gasolinera estaba autorizado a vender bebidas alcohólicas selladas en el referido local cuyo permiso databa de más de diez (10) años.

Tras varios trámites procesales, el 16 de octubre de 1996, la Junta de Apelaciones autorizó el cambio de nombre en el Permiso de Uso de Colmado-Cafetería. (Caso Núm. 90-63-D-D90-PPD). Concluyó que procedía la concesión de un permiso de uso por parte del Municipio en el que se reconociera la condición de no conformidad legal existente en la propiedad donde ubica la gasolinera, toda

vez que el permiso del anterior dueño de la gasolinera concedido por la Administración de Reglamentos y Permisos (A.R.P.E.), era demostrativo de tal condición.

Oportunamente, el Municipio de Ponce presentó moción de reconsideración, la cual, tras ser acogida y previa vista, fue declarada sin lugar por la Junta de Apelaciones por resolución emitida y notificada el 4 de febrero de 1997.

Inconforme, el 6 de marzo el Municipio de Ponce presentó recurso de revisión administrativa ante el Tribunal de Circuito de Apelaciones. Tras varios trámites procesales -entre los cuales figuran la aceptación de la intervención de la Junta de Apelaciones y la celebración de una vista oral-, el foro apelativo solicitó a las partes que se expresaran en torno a su jurisdicción para entender en el recurso. En sus respectivas comparecencias, éstas sostuvieron que al Tribunal de Circuito le correspondía revisar las determinaciones de la Junta de Apelaciones con relación a decisiones emitidas por la Oficina de Permisos del Municipio de Ponce relacionadas con las competencias delegadas mediante el **Convenio de Transferencias** otorgado por el Municipio y la Junta de Planificación y A.R.P.E.

Así las cosas, el 28 de mayo de 1999 -archivada y notificada el 17 de junio-, el Tribunal de Circuito de Apelaciones (Hons. Negrón Soto, Segarra Olivero y Aponte Jiménez), desestimó por falta de jurisdicción. Al así

resolver, determinó que de conformidad con lo resuelto por este Tribunal en el caso de Ponce Vista Mar Developers, Inc. v. Gobierno Municipal Autónomo de Ponce, res. en 9 de abril de 1999, 99 TSPR 51, la facultad de revisar decisiones emitidas por la Oficina de Permisos del Municipio de Ponce, en los asuntos que le fueron transferidos por virtud del Convenio de Transferencias, le correspondía directamente a ese foro judicial apelativo, no a la Junta de Apelaciones. Basado en ello, concluyó que estaba imposibilitado de revisar una resolución de un organismo que carecía de jurisdicción para emitirla. De otra parte, dictaminó que debido a que la Oficina de Permisos le notificó incorrectamente a Maymí Martínez que tenía derecho a apelar ante la Junta de Apelaciones, el término para solicitar revisión judicial no comenzaría a decursar hasta tanto dicha Oficina de Permisos le notificara correctamente lo relativo al foro competente para instar la revisión judicial.

Contra esta resolución acudió ante nos la Junta de Apelaciones el 7 de julio de 1999.[1] Revisamos.

---

[1] Discute los siguientes señalamientos de error:

**PRIMERO:**

"Erró el Honorable Tribunal de Circuito de Apelaciones al desestimar por falta de jurisdicción una Revisión Administrativa incoada por el Municipio Autónomo de Ponce producto de una determinación en apelación administrativa de la Junta de Apelaciones sobre Construcciones y Lotificaciones."

II

De entrada, una cuestión procesal. Con posterioridad a la radicación del presente recurso, el Municipio nos informó que el 6 de julio de 1999, la Junta de Apelaciones había presentado una reconsideración ante el Tribunal de Circuito, en la que levantó los mismos planteamientos contenidos en el <u>certiorari</u> que nos ocupa. Resolvemos que dicha moción de reconsideración no incidió sobre **nuestra** jurisdicción para entender en este recurso. Nos explicamos.

---

**SEGUNDO:**

"Erró el Honorable Tribunal de Circuito de Apelaciones al considerar incorrectas las advertencias del Municipio Autónomo de Ponce indicando que corresponde en el caso particular acudir en apelación ante la Junta de Apelaciones sobre Construcciones y Lotificaciones."

**TERCERO:**

"Erró el Honorable Tribunal de Circuito de Apelaciones al concluir que los términos de la determinación no decursaron y corresponde notificar nuevamente con un apercibimiento correcto el recurso de revisión correspondiente."

**CUARTO:**

"Erró el Honorable Tribunal de Circuito de Apelaciones, luego de entender en los méritos del recurso, privar de jurisdicción a la Junta de Apelaciones sobre Construcciones y Lotificaciones en casos de municípios autónomos y subsilentio crear la posibilidad de entender en el caso de autos mediante otra revisión administrativa."

La Regla 47 de Procedimiento Civil, según enmendada por la Ley Núm. 244 de 25 de diciembre de 1995, dispone en lo pertinente que "[l]a parte adversamente afectada por una resolución final o sentencia del Tribunal de Circuito de Apelaciones podrá, **dentro del <u>término improrrogable de quince (15) días</u> desde la fecha del archivo en los autos de copia de la notificación de la resolución o sentencia presentar una moción de reconsideración.** El término para apelar o recurrir al Tribunal Supremo comenzará a contarse de nuevo a partir del archivo en autos de copia de la notificación de la resolución o sentencia del Tribunal de Circuito de Apelaciones resolviendo definitivamente la moción de reconsideración." Similar disposición se encuentra recogida en la Regla 84 del Reglamento del Tribunal de Circuito, en vigor desde el 1 de mayo de 1996.

En este recurso, el Tribunal de Circuito emitió resolución el 28 de mayo de 1999, cuyo archivo en autos y copia de notificación se efectuó **el 17 de junio**. Conforme las disposiciones citadas, el Municipio contaba con un término improrrogable de quince (15) días para pedir reconsideración, el cual venció el viernes, **2 de julio de 1999**; sin embargo, lo presentó el martes, **6 de julio**. A la luz de lo expuesto, forzoso nos resulta concluir que la moción de reconsideración instada por el Municipio fue **presentada tardíamente** y, en consecuencias, la misma no surtió efecto interruptor alguno sobre el plazo para acudir ante nos. El Tribunal de Circuito carecía de

jurisdicción para considerarla, por lo que procedía denegarla de plano por falta de jurisdicción. Hernández Apellaniz v. Marxuach Construction, res. en 3 de febrero de 1997, 142 D.P.R. ____ (1997).

Aclarado que el término jurisdiccional de treinta (30) días para acudir en revisión ante este Tribunal venció el sábado, 17 de julio y, por consiguiente, se extendió hasta el próximo día laborable, martes, **20 de julio de 1999** –Regla 68.1 de Procedimiento Civil–, concluimos que este recurso fue interpuesto oportunamente el **7 de julio**, y poseemos jurisdicción para atenderlo.

III

En los méritos, notamos que a través de sus múltiples señalamientos de error, en síntesis, la interventora-peticionaria Junta de Apelaciones argumenta que incidió el Tribunal de Circuito al desestimar por falta de jurisdicción el recurso de revisión incoado por el Municipio de Ponce contra una determinación suya en atención a una apelación de una decisión de la Oficina de Permisos Municipales. Como argumento principal sostiene que las competencias delegadas por A.R.P.E. a través del **Convenio de Transferencias,** contemplan la jurisdicción apelativa de la Junta de Apelaciones sobre Construcciones y Lotificaciones para revisar las decisiones de la Oficina de Personal Municipal relativas a permisos de uso. Fundamenta su contención en el Art. 13.016 de la Ley de Municipios Autónomos (21 L.P.R.A. sec. 4614), y el Art. 31

de la Ley Orgánica de la Administración de Reglamentos y Permisos. (23 L.P.R.A. sec. 72(c)). Afirma, que interpretar lo contrario, implicaría que la Ley de Municipios Autónomos y el Convenio de Transferencias privaron de jurisdicción apelativa a una agencia central que no participó en convenio alguno, y vía jurisprudencial se le está eliminando del esquema de planificación vigente. **No tiene razón.**

En el presente caso, el Gobierno Municipal Autónomo de Ponce a través de la Oficina de Permisos Municipales **actuó a base de poderes y facultades que correspondían a A.R.P.E.,** los cuales provienen de la Ley Orgánica de dicha agencia. Tales facultades le fueron transferidas a través del "Convenio de Transferencias de Competencias de la Junta de Planificación y la Administración de Reglamentos y Permisos por el Gobierno Central del Estado Libre Asociado de Puerto Rico al Municipio de Ponce". Dicho convenio, otorgado al amparo de la Ley de Municipios Autónomos –Núm. 81 de 30 de agosto de 1991, 21 L.P.R.A. sec. 4001 et seq.–, **incluyó específicamente,** entre las competencias delegadas, "las facultades de recibir, evaluar y decidir sobre peticiones de autorizaciones, **permisos** o enmiendas" de la Junta de Planificación y **A.R.P.E.,** referentes a la ordenación territorial. Concedió al Municipio de Ponce toda la jerarquía definida en el Art. 13.012 de la Ley de Municipios Autónomos, que en lo pertinente, contienen la mayor parte de las facultades que

correspondían a A.R.P.E. al amparo de su Ley Orgánica, claro está, en lo que respecta a su demarcación territorial. Consecuentemente y, en virtud del Art. 13.013 de la Ley de Municipios Autónomos, el Municipio creó una oficina para tramitar las autorizaciones y permisos según las facultades conferídales.

El Art. 13.012 antes citado, específicamente, establece que la transferencia "autorizada se ejercerá conforme a las normas y procedimientos establecidos en la legislación, reglamentación y política pública aplicable a la facultad transferida, incluyendo la Ley de Procedimiento Administrativo Uniforme". No obstante, en cuanto a la revisión de las decisiones del Municipio el Art. 13.016 de la Ley de Municipios Autónomos **específicamente señala** que los trámites, términos y condiciones para las solicitudes de reconsideración, apelación o revisión judicial de las decisiones del Municipio serán las aplicables a las decisiones de **A.R.P.E.** y la Junta de Planificación, si la competencia de que se trate fue conferida por dichas agencias al Municipio. (21 L.P.R.A. sec. 4614). Estas acciones dentro del marco legal del estatuto aplicable, se harán de acuerdo a las disposiciones de la Ley de Procedimiento Administrativo Uniforme. (3 L.P.R.A. sec. 2101, et seq.).

Sabido que la Junta de Apelaciones es un organismo administrativo de carácter cuasi-judicial creado al amparo de la Ley Núm. 76 de 24 de junio de 1975. (23 L.P.R.A.)

sec. 72(b)). Cuenta con jurisdicción apelativa **delimitada** a revisar actuaciones o determinaciones de A.R.P.E. relacionadas con permisos de construcción, uso y lotificaciones simples, entre otros. (Art. 30 y 31 de la Ley Orgánica de A.R.P.E., 23 L.P.R.A. sec. 72(b) y (c)). Para ello, la Ley Orgánica de A.R.P.E. establece una apelación interagencial ante la Junta de Apelaciones, **previo el trámite de revisión judicial**. Junta de Planificación v. J.A.C.L., 109 D.P.R. 210 (1979).

De la legislación citada podemos colegir que bajo las competencias delegadas en el Convenio de Transferencias **no se delegaron las facultades de revisión apelativa de la Junta de Apelaciones sobre Construcciones y Lotificaciones**. Esto se desprende el Artículo 13.016 de la Ley de Municipios Autónomos y de la razonable inferencia que para conceder jurisdicción y autoridad se tiene que contar con el poder transferido. Ciertamente, si la Junta de Apelaciones no fue parte del convenio de Transferencias, A.R.P.E. no tiene poder para delegar y sustituir sus facultades apelativas. Más bien, la clara mención de la cesión de los términos, trámites y condiciones para las solicitudes de reconsideración, **apelación** o revisión judicial aplicables a las decisiones de A.R.P.E., presupone que el mecanismo de revisión de las decisiones ahora tomadas por el Municipio, sigue siendo el que aplicaba cuando era A.R.P.E. a quien correspondía tomar tales determinaciones. (23 L.P.R.A. sec. 720).

Cónsono con lo anterior, adviértase que el Municipio al crear la Oficina de Permisos vía Ordenanza Núm. 71, Serie 1992-93, adoptó el Reglamento de Procedimientos Adjudicativos de la A.R.P.E. de mayo de 1989.[2] Dicho reglamento, en su Sección 21-01 reconoce la jurisdicción apelativa de la Junta de Apelaciones sobre Construcciones y Lotificaciones en casos como el de autos.

El Tribunal de Circuito fundamentó su decisión en el caso Ponce Vista Mar Developers, Inc. v. Gobierno Municipal Autónomo de Ponce, supra. No obstante, dicho caso es distinguible del de autos toda vez que allí estaba envuelta la **autorización de un desarrollo preliminar de un proyecto turístico-residencial, materia que no forma parte de la jurisdicción apelativa de la Junta de Apelaciones,** y cuya revisión, tanto antes como después de suscrito el convenio de transferencias, se da directamente ante el Tribunal de Circuito.

En definitiva, no formando parte de la Junta de Apelaciones del Convenio de Transferencias, ni estando contemplada la delegación de sus poderes en la Ley de Municipios Autónomos, es claro que el caso de autos es uno cuya jurisdicción apelativa administrativa corresponde a la Junta de Apelaciones conforme a las competencias delegadas por A.R.P.E. al Municipio de Ponce. Claro está, la resolución que en su día emita dicho organismo

---

[2] Véase copia de la Ordenanza Núm. 71, Serie 1992-93, a las págs. 105-108.

administrativo podría ser revisada, vía recurso de revisión administrativa, por el Tribunal de Circuito de Apelaciones. (Art. 4001(g) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada por la Ley 248 de 25 de diciembre de 1995 y sec. 5.2 de L.P.R.A., 3 L.P.R.A. sec. 2172).

Incidió el Tribunal de Circuito de Apelaciones al desestimar por falta de jurisdicción el recurso de revisión incoado por el Municipio de Ponce en el presente caso, contra la determinación de la Junta de Apelaciones sobre Construcciones y Lotificaciones emitida en atención a una decisión de la Oficina de Permisos Municipales concediendo un permiso de uso.

Por los fundamentos antes expuestos se dictará la correspondiente Sentencia revocatoria.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Ángel Maymí Martínez
  Demandante-Recurrido

            v.

Gobierno Municipal Autónomo          CC-99-504      Certiorari
de Ponce
          Recurrente

 Junta de Apelaciones sobre
 Construcciones y Lotificaciones
   Interventora-Peticionaria


SENTENCIA


San Juan, Puerto Rico, a 30 de junio de 2000


Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente, se dicta Sentencia y revoca la Resolución del Tribunal de Circuito de Apelaciones de fecha 28 de mayo de 1999.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre en el resultado sin opinión escrita. El Juez Presidente señor Andréu García no intervino. El Juez Asociado señor Hernández Denton inhibido.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo