

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José Cordero y Eneida Feliciano<br>    Peticionarios<br><br>        V.<br><br>Oficina de Gerencia de Permisos<br>Juan Cordero Pérez<br>    Recurridos<br><br><br>Pedro Otero Y Otros<br>    Recurridos<br><br>        V.<br><br>Oficina de Gerencia de Permisos<br>Administración de Reglamentos Y<br>Permisos Ronald M. Telles Alvarado<br>    Recurridos<br><br>Junta Revisora de Permisos Y Uso de<br>Terrenos<br>    Peticionaria<br><br><br>Ángel L. Santana<br>    Recurrido<br><br>        V.<br><br>Junta Revisora de Permisos y Uso de<br>Terrenos<br>    Peticionaria<br><br>Pedro Díaz López<br>    Recurrido | Certiorari<br><br>2012 TSPR<br><br>187 DPR ____ |

Número del Caso: CC-2011-823
                 CC-2012-150
                 CC-2012-158

Fecha: 5 de diciembre de 2012

Tribunal de Apelaciones:

        Región Judicial de Bayamón, Aibonito y Humacao

<u>**CC-2011-823**</u>

Abogado de la Parte Peticionaria:
        Lcdo. Jorge C. Cruz Jove


Abogados de la Parte Recurrida:
        Lcdo. Juan M. Cordero Morales
        Lcdo. Roberto Soto del Cueto

Oficina del Procurador General:
        Lcdo. Luis Román Negrón
        Procurador General

        Lcda. Jeanette M. Collazo Ortiz
        Subprocuradora General

        Lcdo. Guillermo Mangual Amador
        Procurador General Auxiliar

<u>**CC-2011-150**</u>

Abogados de la Parte Peticionaria:
        Lcdo. Manuel Cordero Morales
        Lcdo. Roberto Soto del Cueto

Abogados de la Parte Recurrida:
        Lcdo. Ramiro Rodríguez Román
        Lcdo. Ramiro Rodríguez Peña
        Lcdo. Reynaldo Rodriguez Peña

<u>**CC-2012-158**</u>

Abogados de la Parte Peticionaria:
        Lcdo. Juan M. Cordero Morales
        Lcdo. Roberto Soto del Cueto

Abogados de la Parte Recurrida:
        Lcda. Linnette M. Vázquez Rivera
        Lcdo. Daniel Martínez Oquendo

Materia: Anteproyecto para construcción de estación de gasolina


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| JOSÉ CORDERO Y ENEIDA FELICIANO<br><br>Peticionarios<br><br>v.<br><br>OFICINA DE GERENCIA DE PERMISOS<br>JUAN CORDERO PÉREZ<br><br>Recurridos | Núm.: **CC-2011-0823**<br><br><br><br>Consolidado con | *Certiorari* |
| PEDRO OTERO Y OTROS<br><br>Recurridos<br><br>v.<br><br>OFICINA DE GERENCIA DE PERMISOS<br>ADMINISTRACIÓN DE REGLAMENTOS Y PERMISOS<br>RONALD M. TELLES ALVARADO<br><br>Recurridos<br><br>JUNTA REVISORA DE PERMISOS Y USO DE TERRENOS<br><br>Peticionaria | Núm.: **CC-2012-0150**<br><br><br><br><br><br>Consolidado con | *Certiorari* |
| ÁNGEL L. SANTANA<br><br>Recurrido<br><br>v.<br><br>JUNTA REVISORA DE PERMISOS Y USO DE TERRENOS<br><br>Peticionaria<br><br>PEDRO DÍAZ LÓPEZ<br><br>Recurrido | Núm.: **CC-2012-0158** | *Certiorari* |

Opinión del Tribunal emitida por el Juez Asociado señor FELIBERTI CINTRÓN

En San Juan, Puerto Rico, a 5 de diciembre de 2012.

Posterior a la aprobación de la Ley Núm. 161-2009,[1] destinada a regir todo lo concerniente a la concesión de permisos sobre desarrollo y uso de los terrenos en Puerto Rico, se ha suscitado una interrogante: ¿a qué foro le corresponde llevar a cabo la revisión judicial de las determinaciones realizadas por la Junta de Apelaciones sobre Construcciones y Lotificaciones (Junta de Apelaciones),[2] o las realizadas por su entidad sucesora, la Junta Revisora de Permisos y Uso de Terrenos (Junta Revisora),[3] en aquellos casos que fueron sometidos ante la extinta Administración de Reglamentos y Permisos (A.R.Pe.) o ante las oficinas de permisos de los municipios autónomos con competencias delegadas,[4] previo a la aprobación y puesta en vigor de dicho estatuto?

---

[1] 23 L.P.R.A. sec. 9011 *et seq*. (2011 y Supl. 2012), según enmendada, conocida como "Ley para la Reforma del Proceso de Permisos de Puerto Rico" (Ley Núm. 161-2009). Mediante la Ley Núm. 161-2009, se restructuró el sistema de evaluación de permisos en Puerto Rico en aras de crear uno más integrado y eficiente.

[2] La Junta de Apelaciones sobre Construcciones y Lotificaciones (Junta de Apelaciones) era el foro administrativo encargado de revisar las determinaciones de la antigua Administración de Reglamentos y Permisos (A.R.Pe.).

[3] La Junta Revisora de Permisos y Uso de Terrenos (Junta Revisora) es el cuerpo revisor al cual le fueron transferidos los casos que estaban pendientes de resolución ante la Junta de Apelaciones cuando se aprobó la Ley Núm. 161-2009.

[4] Se refiere a las determinaciones emitidas por los municipios autónomos que hasta la fecha de vigencia de la Ley Núm. 161-2009 eran apeladas ante la Junta de Apelaciones.

Esta interrogante se suscitó en los tres (3) recursos consolidados de epígrafe que expondremos a continuación, los cuales a pesar de no tener relación fáctica entre sí, presentan la misma controversia de carácter procesal.

I

**CC-2011-0823**

El 2 de noviembre de 2009 la A.R.Pe. emitió una Resolución en la que aprobó un plano de inscripción para la segregación y agrupación de dos (2) fincas,[5] a tenor con una solicitud instada por el Sr. Juan Cordero Pérez (señor Cordero), dueño de una de éstas. No conformes con la determinación de la A.R.Pe., el 3 de diciembre del mismo año, los señores José Cordero, Eneida Feliciano y Jesús Acevedo (los peticionarios), colindantes inmediatos de los solares segregados, presentaron un escrito de apelación ante la Junta de Apelaciones en la que alegaron que la segregación y agrupación de las fincas en cuestión era improcedente en derecho por no ser el señor Cordero dueño de ambas propiedades. Igualmente, argumentaron que el plano de inscripción aprobado por la A.R.Pe. tenía múltiples errores, provocados, en parte, por información falsa provista por el señor Cordero.

---

[5]   Resolución notificada a las partes el 3 de noviembre de 2009.

Luego de varios trámites procesales, el 29 de diciembre de 2010 la Junta Revisora[6] emitió una Resolución mediante la cual devolvió el caso a la A.R.Pe., ordenándole a dicha agencia que tomara en consideración un pleito de deslinde y reivindicación que se estaba tramitando ante el Tribunal de Primera Instancia y cuyo resultado habría de incidir significativamente en la determinación de lotificación y agrupación emitida por ésta.

Inconformes aún, los peticionarios sometieron un recurso de revisión ante el Tribunal de Apelaciones. Argumentaron que siendo ilegal la autorización de la A.R.Pe., lo que procedía era que la Junta Revisora revocara la Resolución de 2 de noviembre de 2009 y no que devolviera el caso a dicha agencia. Sin considerar los méritos del recurso, el foro apelativo intermedio sostuvo que conforme a las disposiciones de la Ley Núm. 161-2009, le correspondía a este Foro revisar la determinación de la Junta Revisora, razón por la cual desestimó el recurso por falta de jurisdicción.[7] Luego de sometida una moción de reconsideración en la cual los peticionarios alegaron haber sido inducidos a error por la propia Junta Revisora con respecto al foro autorizado en ley para recurrir de su

---

[6]     Como mencionáramos anteriormente, el 1 de diciembre de 2009, mientras el asunto de marras se encontraba aún ante la consideración de la Junta de Apelaciones, la Asamblea Legislativa de Puerto Rico aprobó la Ley Núm. 161-2009, mediante la cual ordenó la transferencia de los casos que estaban pendientes de resolución ante la Junta de Apelaciones al nuevo ente examinador conocido como Junta Revisora.

[7]     Resolución del Tribunal de Apelaciones de 30 de junio de 2011.

determinación, el 9 de agosto de 2011 el Tribunal de Apelaciones le requirió a la Junta Revisora que expusiera su posición.

Así las cosas, el 23 de agosto de 2011 la Junta Revisora presentó una "Moción en Cumplimiento de Orden" ante el tribunal apelativo intermedio. Sostuvo que, conforme a lo establecido en el Artículo 11.13 de la Ley Núm. 161-2009, 23 L.P.R.A. sec. 9021*l* (2011) (Artículo 11.13 de la Ley Núm. 161-2009), la apelación presentada por los peticionarios ante la Junta de Apelaciones fue transferida a su consideración para que la atendiese al amparo de las leyes y reglamentos vigentes al momento de someterse la solicitud de lotificación ante la A.R.Pe. [8] Alegó que bajo dicho estado de derecho, tanto las determinaciones tomadas por la Junta de Apelaciones, así como también aquellas realizadas por la Junta Revisora en los casos transferidos, tenían que ser revisadas por el Tribunal de Apelaciones. Mediante Resolución emitida el 2 de septiembre de 2011, el Tribunal de Apelaciones declaró *No Ha Lugar* la moción de reconsideración, manteniendo en vigor su Resolución anterior.

Los peticionarios acudieron entonces ante nos y cuestionaron **los méritos de la decisión** de la Junta Revisora de devolver el caso al foro administrativo. Del mismo modo han comparecido la Junta Revisora y la Oficina

---

[8]    La solicitud de permiso fue presentada ante la A.R.Pe. el 21 de septiembre de 2009.

de Gerencia de Permisos (O.G.Pe.) (en conjunto los recurridos) señalando que, conforme a lo dispuesto en la Ley Núm. 161-2009, el foro judicial con jurisdicción para atender el recurso de marras en primera instancia lo es el Tribunal de Apelaciones.

Mediante Resolución emitida el 27 de enero de 2012, expedimos el auto de *certiorari* solicitado.

## CC-2012-0150

El 29 de septiembre de 2009 la A.R.Pe. emitió una Resolución mediante la cual autorizó, vía excepción, una solicitud de permiso de uso para operar un taller de mecánica liviana y electromecánica.[9] Inconformes con dicha determinación, cuarenta y ocho (48) propietarios de inmuebles colindantes (los recurridos), sometieron un escrito de *Apelación* ante la Junta de Apelaciones. Adujeron que la A.R.Pe. había errado al autorizar el permiso de uso antes indicado, puesto que el solar donde se pretendía establecer el taller de mecánica estaba zonificado como Distrito Residencial R-1, la autorización no estaba acorde con lo establecido en el Plan Territorial del Municipio de Cayey y el uso iba en contra de los mejores intereses de los demás propietarios del sector.

El 4 de agosto de 2011 la Junta Revisora dictó una Resolución en la que confirmó la autorización de permiso

---

[9] La solicitud de permiso fue presentada por el Sr. Ronald M. Telles Alvarado el 14 de octubre de 2008.

de uso concedida por la A.R.Pe.[10]  Entendió dicho foro que el taller propuesto cumplía con los parámetros reglamentarios y se encontraba dentro de los usos permitidos en los Distritos Residencial R-1 por vía de excepción.[11]

No conformes con tal decisión, el 1 de septiembre de 2011 los recurridos solicitaron revisión ante el Tribunal de Apelaciones.  Sin embargo, dicho foro desestimó el recurso por falta de jurisdicción mediante Sentencia emitida a tales efectos el 30 de noviembre de 2011. Concluyó que en virtud de la Ley Núm. 161-2009 la revisión de las determinaciones de la Junta Revisora le corresponde a este Tribunal por medio del recurso de *certiorari*.  Por lo tanto, ordenó a la Junta Revisora que volviera a notificar la Resolución de 4 de agosto de 2011, incluyendo las advertencias sobre la revisión de dicha determinación conforme a lo antes dispuesto.

Así las cosas, el 21 de diciembre de 2011 la Junta Revisora solicitó reconsideración ante el foro apelativo intermedio.  Argumentó que conforme al Artículo 11.13 de la Ley Núm. 161-2009 la apelación presentada en la Junta de Apelaciones y posteriormente transferida ante sí, tenía

---

[10]    Tal y como mencionáramos en el recurso que antecede, por virtud de la Ley Núm. 161-2009 los casos que se encontraban ante la consideración de la Junta de Apelaciones fueron trasferidos a la Junta Revisora.

[11]    Como parte de su determinación, la Junta Revisora apercibió a las partes de su derecho a solicitar reconsideración y solicitar la revisión de dicho dictamen ante el Tribunal de Apelaciones, conforme a las Secciones 3.15 y 4.2 de la Ley Núm. 170 de 12 de octubre de 1988, según enmendada, conocida como Ley de Procedimiento Administrativo Uniforme (LPAU), 3 L.P.R.A. secs. 2165 y 2172 (2011), respectivamente.

que ser atendida al amparo de las leyes y reglamentos vigentes al 14 de octubre de 2008, fecha en que fue sometida la solicitud de permiso de uso ante la A.R.Pe. Sostuvo que, en virtud de dichos estatutos, la revisión de su determinación tenía que presentarse en el Tribunal de Apelaciones y no ante este Tribunal como estableció el foro apelativo intermedio en su Sentencia.

Declarada *No Ha Lugar* la reconsideración,[12] tanto la Junta Revisora como la O.G.Pe. han comparecido antes nos. Mediante sus escritos argumentan que es al Tribunal de Apelaciones y no a este Foro a quien le corresponde la revisión inicial de los recursos de epígrafe.

Mediante Resolución emitida el 30 de marzo de 2012 expedimos el auto de *certiorari* solicitado y ordenamos la consolidación de los recursos CC-2011-0823 y CC-2012-0150.

### CC-2012-0158

Luego de varios trámites a nivel administrativo y judicial, dirigidos a obtener la aprobación de una Consulta de Conformidad con el Reglamento de Zonificación para la construcción de una gasolinera con tienda de conveniencia en el Municipio de Yabucoa, el 31 de agosto de 2009 la A.R.Pe. emitió una autorización mediante la cual permitió la aludida consulta a favor del Sr. Pedro Díaz López (señor Díaz).

---

[12]    La Resolución denegando la reconsideración fue emitida el 26 de enero de 2012.

Inconforme con dicha autorización, el Sr. Ángel Luis Santana (señor Santana o el recurrido) solicitó reconsideración ante la A.R.Pe., y por no ser atendida la misma, posteriormente sometió un escrito de apelación ante la Junta de Apelaciones. Adujo, entre otros extremos, que el proyecto propuesto no cumplía con los parámetros de distancia entre gasolineras provisto en el Reglamento de Planificación Número 27.[13]

Mediante Resolución emitida el 29 de junio de 2011 y notificada a las partes el 1 de julio del mismo año, la Junta Revisora devolvió el caso a la O.G.Pe.[14] Concluyó que las determinaciones de hechos que se desprenden de la Resolución emitida por la A.R.Pe. no sustentan la autorización concedida. En desacuerdo con dicha decisión, el señor Santana acudió mediante solicitud de revisión administrativa ante el Tribunal de Apelaciones.

Luego de varios trámites procesales que incluyeron una moción de la Junta Revisora solicitando que se requiriera la comparecencia de la O.G.Pe. como parte indispensable y una solicitud de desestimación presentada por el señor Díaz, el 30 de noviembre de 2011 el foro apelativo intermedio emitió Sentencia desestimando el recurso por falta de jurisdicción. Alegó que conforme a las

---

[13] Reglamento para Delegar a la Administración de Reglamentos y Permisos la Adjudicación de Permisos de Usos y Construcción y Desarrollo de Terrenos en Áreas No Zonificadas y para Establecer Criterios para su Evaluación, Reglamento Núm. 6517, Departamento de Estado, 5 de septiembre de 2002.

[14] Organismo sucesor de A.R.Pe., en virtud de la Ley Núm. 161-2009.

disposiciones de la Ley Núm. 161-2009, la revisión de las determinaciones finales de la Junta Revisora le corresponde a este Foro. La Junta Revisora solicitó reconsideración de dicho dictamen, y alegó, tal y como lo había hecho en los recursos anteriores, que en virtud de lo dispuesto en el Artículo 11.13 de la Ley Núm. 161-2009 la revisión de la determinación de la Junta Revisora le correspondía al Tribunal de Apelaciones. No obstante, la misma fue declarada *No Ha Lugar* el 18 de enero de 2012. De esa denegatoria, la Junta Revisora ha acudido ante nos cuestionando la determinación del tribunal apelativo intermedio de declararse sin jurisdicción.

El 27 de abril de 2012 expedimos el auto de *certiorari* solicitado y ordenamos la consolidación de los tres (3) recursos de epígrafe (CC-2011-0823, CC-2012-0150 y CC-2012-0158). Contando con la comparecencia de las partes en todos los recursos, nos encontramos en posición de resolver.

## II

### A. Letra clara de la ley

Con el fin de descargar nuestra función de resolver las controversias sometidas ante nos, frecuentemente tenemos que recurrir, como en el caso de epígrafe, al uso de la hermenéutica legal. R.E. Bernier y J.A. Cuevas Segarra, <u>Aprobación e Interpretación de las Leyes en</u>

Puerto Rico, 2da ed. rev., San Juan, Pubs. J.T.S., 1987, pág. 241. Y es que, tal y como hemos mencionado en ocasiones anteriores, toda ley necesita ser interpretada para poder ser aplicada. Asoc. Fcias. v. Caribe Specialty et al. II, 179 D.P.R. 923 (2010). "Eso es así ya sean oscuras o claras las palabras de la ley, por lo que se puede decir que es falso afirmar que sólo las leyes oscuras deben ser interpretadas." Bernier y Cuevas Segarra, op. cit., pág. 259; Consejo Titulares v. DACo, 181 D.P.R. 945, 958 (2011).

Uno de los principios medulares en la interpretación de la ley se encuentra recogido en el Artículo 14 de nuestro Código Civil, 31 L.P.R.A. sec. 14 (1993). El mismo dispone que "[c]uando la ley es clara libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu". Íd. "[E]n un sinnúmero de ocasiones hemos indicado que ante el lenguaje claro, explícito y libre de toda ambigüedad o duda de un estatuto, no cabe menospreciar la letra de la ley bajo el pretexto de cumplir su espíritu, máxime cuando el espíritu o intención del estatuto y su letra son la misma cosa…." Bomberos Unidos v. Cuerpo de Bomberos et al., 180 D.P.R. 723, 750 (2011) (citando a Pueblo v. Castro Muñiz, 118 D.P.R. 625, 650 (1987); citas y comillas omitidas).

En aras de cumplir con la norma cardinal que preceptúa el aludido Artículo 14 del Código Civil, supra, el primer paso al interpretar un estatuto es remitirnos al propio

texto de la ley, puesto que cuando el legislador se ha expresado en un lenguaje claro e inequívoco, el propio texto de la ley es la expresión por excelencia de la intención legislativa. Soc. Asist. Leg. v. Ciencias Forenses, 179 D.P.R. 849, 862 (2010); CBS Outdoor v. Billboard One, Inc. et al., 179 D.P.R. 391, 417 (2010); Piovanetti v. S.L.G. Touma, S.L.G. Tirado, 178 D.P.R. 745, 767 (2010). Es decir, en aquellos casos en los cuales el lenguaje de la ley no cree dudas, no es necesario ir más allá de la letra de ésta para hallar la voluntad del legislador, sino que se debe descubrir y dar efecto a la intención según expresada en la propia letra del estatuto. Íd.

## B. Jurisdicción

El término jurisdicción ha sido definido como el poder o autoridad que posee un tribunal para dilucidar los casos o controversias presentados ante su consideración. Peerless Oil & Chemical, Inc. v. Hermanos Torres Pérez, Inc., 2012 T.S.P.R. 119, 186 D.P.R. ____ (2012); Pueblo v. Rodríguez Traverzo, 2012 T.S.P.R. 97, 185 D.P.R.____ (2012); S.L.G. Solá-Moreno v. Bengoa Becerra, 182 D.P.R. 675 (2011); González v. Mayagüez Resort & Casino, 176 D.P.R. 848 (2009).

De acuerdo con dicho principio, el primer aspecto a examinar en toda situación jurídica presentada ante la consideración de un foro adjudicativo es la naturaleza

jurisdiccional del mismo.   Cruz Parrilla v. Departamento de la Vivienda y la Junta de Reestructuración Fiscal, 2012 T.S.P.R. 11, 184 D.P.R. ____ (2012).    Es decir, los tribunales tienen la responsabilidad indelegable de auscultar, en primera instancia, su propia jurisdicción.

Los tribunales tenemos un deber ministerial de examinar y evaluar con rigurosidad cualquier señalamiento de falta de jurisdicción, pues, como mencionáramos anteriormente, la misma incide directamente sobre nuestro poder para adjudicar cualquier controversia. Souffront v. A.A.A., 164 D.P.R. 663 (2005).  Véase, además, Peerless Oil & Chemical, Inc. v. Hermanos Torres Pérez, Inc., supra.  Teniendo eso en mente, consistentemente hemos afirmado que los entes adjudicativos debemos ser celosos guardianes de nuestra jurisdicción, examinando la misma, no empece el asunto no haya sido planteado anteriormente. Cruz Parrilla v. Departamento de la Vivienda y la Junta de Reestructuración Fiscal, supra; J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., San Juan, Pubs. J.T.S., 2011, T. I, pág. 177.

Por consiguiente si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. S.L.G. Solá-Moreno v. Bengoa Becerra, supra.  De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en los méritos de la misma.   González v. Mayagüez Resort &

Casino, *supra*.[15]  Lo anterior, basado en la premisa de que si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires*. Maldonado v. Junta de Planificación, 171 D.P.R. 46 (2007).

**C.  Ley Núm. 161-2009**

La Ley Núm. 161-2009 fue promulgada con el fin de establecer el nuevo marco legal y administrativo que habría de guiar la solicitud, evaluación, concesión y denegación de permisos de uso y de construcción y desarrollo de terrenos por parte del Gobierno de Puerto Rico.  La misma tiene como objetivo transformar el sistema de permisos de Puerto Rico de modo que el mismo sea uno más transparente, ágil, confiable y eficiente.  Exposición de Motivos de la Ley Núm. 161-2009.

Mediante dicha ley se creó la O.G.Pe., entidad encargada de la evaluación, concesión o denegación de determinaciones finales y permisos relativos al desarrollo y el uso de terrenos, así como de las consultas de ubicación.  23 L.P.R.A. sec. 9012d (2011).  Además, se instituyó la Oficina del Inspector General, organismo encargado, entre otras cosas, de fiscalizar el cumplimiento de las determinaciones finales y permisos otorgados por la O.G.Pe.  Íd.

---

[15]  Véase, además, Regla 83 (B)(1) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 83(B)(1) (2012); Regla 32(d) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-B, R. 32(d) (2012).

Asimismo, se estableció una Junta Revisora para que fungiera como un foro especializado e independiente en la revisión de las determinaciones finales provenientes de la O.G.Pe., de la Junta Adjudicativa de la O.G.Pe.,[16] de los municipios autónomos con jerarquía de la I a la V,[17] y de un profesional autorizado.[18]

Sobre el particular, el Artículo 12.1 de la Ley Núm. 161-2009,[19] dispone para que cualquier parte adversamente afectada por una actuación, determinación final o resolución de la O.G.Pe., de la Junta Adjudicativa, de los municipios autónomos con jerarquía de la I a la V, o de un profesional autorizado, presente un recurso de revisión administrativa ante la Junta Revisora. Bajo la anterior Ley Núm. 76 de 24 de junio de 1975, según enmendada, conocida como Ley Orgánica de la A.R.Pe. (Ley Núm. 76),[20] estas revisiones eran llevadas a cabo por la Junta de Apelaciones.

---

[16]   La Junta Adjudicativa de la O.G.Pe. es un organismo adscrito a dicha oficina encargada de evaluar y adjudicar determinaciones finales y permisos de carácter discrecional.  23 L.P.R.A. sec. 9016 (2011).

[17]   Se refiere a aquellos municipios que obtuvieron la transferencia de facultades de la Junta de Planificación y de la A.R.Pe. sobre la ordenación territorial, incluyendo querellas, autorizaciones y permisos, en virtud del Artículo 13.012 de la Ley Núm. 81-1991, según enmendada, conocida como Ley de Municipios Autónomos (21 L.P.R.A. sec. 4610 (Supl. 2012)).

[18]   Los profesionales autorizados son agrimensores, agrónomos, arquitectos, geólogos, ingenieros y planificadores, encargados de evaluar o expedir permisos ministeriales, en cumplimiento con las disposiciones de la Ley Núm. 161-2009 y con cualquier otra disposición legal aplicable.  23 L.P.R.A. sec. 9017 (2011).

[19]   23 L.P.R.A. sec. 9022 (2011).

[20]   Ley Núm. 76 de 24 de junio de 1975, 23 L.P.R.A. ant. sec. 71 *et seq.* (2008).  Esa ley fue derogada por la Ley Núm. 161-2009.

A tenor con el nuevo esquema normativo, una vez la Junta Revisora emite una determinación, cualquier parte afectada por la misma puede acudir mediante recurso de *certiorari* directamente ante este Tribunal en un término de treinta (30) días, sin tener que recurrir primeramente ante el Tribunal de Apelaciones como sucedía anteriormente.[21] Sin embargo, como parte de los mecanismos establecidos para lograr una transición ordenada de la antigua Ley de la A.R.Pe. al nuevo ordenamiento instaurado por la Ley Núm. 161-2009, se incluyeron varias disposiciones transitorias para atender, específicamente, los procesos que quedaban aún pendientes bajo el anterior esquema procesal.

Sobre el particular, el Artículo 11.13 de la Ley Núm. 161-2009 establece lo siguiente:

> **A la fecha de vigencia de esta ley, los casos pendientes de resolución ante la Junta de Apelaciones sobre Construcciones y Lotificaciones,** incluyendo aquellas determinaciones de los municipios autónomos que hasta la fecha de la vigencia de esta ley eran apeladas ante la Junta de Apelaciones sobre Construcciones y Lotificaciones, **se transferirán a la Junta Revisora para su resolución, al amparo de las disposiciones de las leyes y reglamentos vigentes al momento de la presentación de la solicitud de autorización objeto de la revisión.**

23 L.P.R.A. sec. 9021*l* (2011) (énfasis nuestro).

Es decir, para evitar crear un vacío en el trámite administrativo mientras se realizaba una transición ordenada hacia la nueva reforma del proceso de permisos,

---

[21] Artículo 13.1 de la Ley Núm. 161-2009, 23 L.P.R.A. sec. 9023 (2011).

la propia Ley Núm. 161-2009 preceptuó para que los asuntos que quedaban pendientes ante la consideración de la Junta de Apelaciones fueran atendidos por la Junta Revisora, **pero** utilizando el esquema de ley existente al momento de presentarse la solicitud de permiso objeto de revisión.[22] Atado a ello, el Artículo 19.10 de la Ley Núm. 161-2009,[23] dispuso para que la anterior Ley Orgánica de A.R.Pe. permaneciera vigente y no fuera derogada sino hasta luego de transcurrido **un año de entrar en vigor la nueva ley.**[24]

Del mismo modo, el Artículo 18.1 de la aludida ley fijó que:

> **Cualquier procedimiento administrativo,** caso, querella o acusación **pendiente** por violaciones a las leyes o parte de éstas, o reglamentos derogados o afectados por este capítulo, **que ocurran con anterioridad a la fecha de vigencia de esta Ley, se transferirán a la Oficina del Inspector General o la Junta Revisora, según aplique, para que se sigan tramitando bajo la ley vigente al momento de haberse cometido la violación.** Cualquier acción civil radicada en relación con la estructuración

---

[22] Es menester mencionar que mediante la Ley Núm. 76, se derogaron varios artículos de la Ley Núm. 213 de 12 de mayo de 1942, según enmendada, conocida como "Ley de Planificación, Urbanización y Zonificación de Puerto Rico". Para aquel entonces también se dispuso que los casos que estuviesen pendientes ante la extinta Junta de Apelaciones sobre Construcciones y Lotificaciones fuesen transferidos a la nueva Junta de Apelaciones sobre Construcciones y Lotificaciones, pero que continuasen siendo tramitados por la nueva Junta de Apelaciones bajo la ley vigente al momento de los hechos que dieron base a dichos procedimientos. Específicamente, disponía el Artículo 41 de la Ley Núm. 76 en su inciso (b) lo siguiente: "[t]odos los procedimientos administrativos que estén pendientes en la Junta de Apelaciones Sobre[] Construcciones y Lotificaciones, creada por la Ley [N]úm. 213, de 12 de mayo de 1942, según enmendada, serán transferidos a la Junta de Apelaciones que se crea mediante esta ley […] **y se seguirán tramitando bajo la ley vigente al momento de los hechos que dieron base a dichos procedimientos".** 23 L.P.R.A. ant. sec. 72b n. (2008). (Énfasis nuestro).

[23] 23 L.P.R.A. sec. 9011 n. (2011).

[24] El Artículo 19.10 de la Ley Núm. 161-2009 dispone, específicamente: "Se deroga la Ley Núm. 76 de 24 de junio de 1975, según enmendada […], conocida como 'Ley Orgánica de la Administración de Reglamentos y Permisos', **al año de entrar en vigor esta Ley.**" 23 L.P.R.A. sec. 9011 n. (2011) (énfasis nuestro).

de cualquiera de las leyes, o parte de éstas, derogadas o afectadas por este capítulo, y en trámite antes de la fecha de vigencia de esta ley, no quedará afectada por ninguna de las derogaciones o modificaciones formuladas por este Capítulo.

23 L.P.R.A. sec. 9028 (2011) (énfasis nuestro).

Conforme a lo anterior, mientras estuvieron en pleno vigor los estatutos y reglamentos que precedieron a la aprobación de la Ley Núm. 161-2009, la revisión de las determinaciones de la Junta de Apelaciones, organismo que antecedió a la Junta Revisora, se hacía en virtud de lo dispuesto por la Sección 4.2 de la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme" (LPAU). Dicha disposición, específicamente, establece que una parte adversamente afectada por una determinación final de la agencia podrá presentar una solicitud de revisión ante el **Tribunal de Apelaciones** dentro del término de treinta (30) días del archivo en autos de la copia de la notificación de la decisión.

De ese modo, conforme al estado de derecho vigente, previo a la aprobación del Artículo 13.1 de la Ley Núm. 161-2009, *supra*, las revisiones del foro administrativo revisor de la A.R.Pe. se realizaban ante el **Tribunal de Apelaciones** y no ante este Tribunal. Véase, por ejemplo, <u>Maymí v. Gob. Mun. Aut. Ponce</u>, 151 D.P.R. 689, 700 (2000), donde sostuvimos que las resoluciones emitidas por la

Junta de Apelaciones pueden ser revisadas, vía recurso de revisión administrativa, **por el Tribunal de Apelaciones**.

**III**

Una vez expuesta la normativa aplicable a los recursos de autos, pasamos a resolver la controversia planteada ante nuestra consideración.

Del trasfondo procesal de los recursos de epígrafe, podemos colegir que todos fueron iniciados ante la A.R.Pe. **previo a** la aprobación de la nueva Ley Núm. 161-2009. En virtud de lo expuesto claramente en el Artículo 11.13 de dicho estatuto, aquellos casos de consultas y permisos iniciados a tenor con la ahora derogada Ley Orgánica de la A.R.Pe., deberán continuar siendo atendidos bajo las disposiciones de las leyes y los reglamentos vigentes al momento de ser sometidas las solicitudes que ahora son objeto de nuestra revisión. Así pues, conforme al esquema procesal en vigor a la fecha de ser presentadas las solicitudes iniciales en los recursos de epígrafe, la revisión de las determinaciones de la Junta de Apelaciones correspondía al **Tribunal de Apelaciones** según lo dispuesto en la Sección 4.2 de la LPAU.

De este modo, ejerciendo nuestro rol como intérpretes máximos de la Constitución y las leyes de Puerto Rico y guiados por lo que dispone la letra clara del Artículo 11.13 de la Ley Núm. 161-2009, concluimos que es el Tribunal de Apelaciones y no esta Curia el foro con

jurisdicción para atender la revisión judicial de los recursos aquí consolidados, así como la de todos aquellos casos que se encuentren en igual situación. Realizamos esta interpretación guiados por las propias disposiciones de dicho estatuto que exigen una transición ordenada. Esta interpretación es cónsona, también, con la brindada tanto por la Junta Revisora como por la O.G.Pe. al estatuto que vienen obligadas a poner en vigor, por lo que merece nuestra deferencia. Véanse, por ejemplo, Torres Santiago v. Depto. Justicia, 181 D.P.R. 969 (2011).

De otra parte, entendemos meritoria y necesaria la norma que hoy pautamos, puesto que al presente existen inconsistencias entre las determinaciones de diversos paneles del Tribunal de Apelaciones sobre la cuestión aquí planteada.

En concordancia con lo anteriormente esbozado, podemos colegir que lo dispuesto en el Artículo 13.1 de la Ley Núm. 161-2009 en lo atinente a las revisiones de las determinaciones de la Junta Revisora ante este Tribunal, es aplicable únicamente a casos adjudicados por la Junta Revisora sobre solicitudes que fueron presentadas o adjudicadas por la O.G.Pe. a partir del **1 de diciembre de 2010,** fecha en que ambas entidades iniciaron su operación. Lo anterior queda evidenciado en lo dispuesto en el propio Artículo 11.13 de la Ley Núm. 161-2009 que expresamente requiere la utilización de la ley anterior para los casos iniciados bajo dicho esquema normativo.

A tenor con todo lo anteriormente expuesto resolvemos, además, que distinto a lo expresado por el Tribunal de Apelaciones, la Junta Revisora no erró al apercibir a todas las partes de su derecho a solicitar revisión de la determinación administrativa ante el foro apelativo intermedio. Por consiguiente, no procede una nueva notificación de las Resoluciones de la Junta Revisora, según intimado por dicho foro.

En conclusión, una vez evaluados los hechos presentados ante nos, al igual que las disposiciones de las leyes aplicables, resolvemos que incurrió en error el Tribunal de Apelaciones al rehusar asumir jurisdicción en los recursos de epígrafe y al determinar, en su lugar, que las partes adversamente afectadas por las determinaciones de la Junta Revisora tenían que acudir directamente ante este Foro mediante recurso de *certiorari*. De acuerdo a la letra clara del Artículo 11.13 de la Ley Núm. 161-2009 le corresponde al Tribunal de Apelaciones la revisión de las determinaciones de la Junta Revisora en controversia.

**IV**

En vista de lo anterior, revocamos la Resolución de 30 de junio de 2011 en el Recurso CC-2011-0823, la Sentencia de 30 de noviembre de 2011 en el Recurso CC-2012-0150 y la Sentencia de 30 de noviembre de 2011 en el Recurso CC-2012-0158 emitidas por el Tribunal de Apelaciones y

devolvemos los casos a dicho foro para que sea éste quien los atienda en los méritos.

Se dictará Sentencia de conformidad.


ROBERTO FELIBERTI CINTRÓN
JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| JOSÉ CORDERO Y ENEIDA FELICIANO<br><br>Peticionarios<br><br>v.<br><br>OFICINA DE GERENCIA DE PERMISOS<br>JUAN CORDERO PÉREZ<br><br>Recurridos | Núm.: **CC-2011-0823**<br><br><br>Consolidado con | *Certiorari* |
| PEDRO OTERO Y OTROS<br><br>Recurridos<br><br>v.<br><br>OFICINA DE GERENCIA DE PERMISOS<br>ADMINISTRACIÓN DE REGLAMENTOS Y PERMISOS<br>RONALD M. TELLES ALVARADO<br><br>Recurridos<br><br>JUNTA REVISORA DE PERMISOS Y USO DE TERRENOS<br><br>Peticionaria | Núm.: **CC-2012-0150**<br><br><br><br>Consolidado con | *Certiorari* |
| ÁNGEL L. SANTANA<br><br>Recurrido<br><br>v.<br><br>JUNTA REVISORA DE PERMISOS Y USO DE TERRENOS<br><br>Peticionaria<br><br>PEDRO DÍAZ LÓPEZ<br><br>Recurrido | Núm.: **CC-2012-0158** | *Certiorari* |

SENTENCIA


En San Juan, Puerto Rico, a 5 de diciembre de 2012.


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, revocamos la Resolución de 30 de junio de 2011 en el Recurso CC-2011-0823, la Sentencia de 30 de noviembre de 2011 en el Recurso CC-2012-0150 y la Sentencia de 30 de noviembre de 2011 en el Recurso CC-2012-0158 emitidas por el Tribunal de Apelaciones y devolvemos los casos a dicho foro para que sea éste quien los atienda en los méritos.


Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton y el Juez Asociado señor Martínez Torres inhibidos. La Juez Asociada señora Rodríguez Rodríguez no intervino.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo