El Juez Asociado Señor Feliberti Cintrón
emitió la opinión del Tribunal.
Posterior a la aprobación de la Ley Núm. 161-2009,(1) destinada a regir todo lo concerniente a la concesión de permisos sobre el desarrollo y uso de los terrenos en Puerto Rico, se ha suscitado una interrogante: ¿a qué foro le co-rresponde llevar a cabo la revisión judicial de las determi-naciones realizadas por la Junta de Apelaciones sobre Construcciones y Lotificaciones (Junta de Apelaciones)(2) o las realizadas por su entidad sucesora, la Junta Revisora de Permisos y Uso de Terrenos (Junta Revisora)(3) en aquellos casos que fueron sometidos ante la extinta Admi-nistración de Reglamentos y Permisos (ARPe) o ante las oficinas de permisos de los municipios autónomos con com-petencias delegadas(4) previo a la aprobación y puesta en vigor de ese estatuto?
Esta interrogante se suscitó en los tres recursos conso-lidados de epígrafe que expondremos a continuación, los cuales a pesar de no tener relación fáctica entre sí, presen-tan la misma controversia de carácter procesal.
*450 I
El 2 de noviembre de 2009, ARPe emitió una resolución en la que aprobó un plano de inscripción para la segrega-ción y agrupación de dos (2) fincas,(5) de acuerdo con una solicitud instada por el Sr. Juan Cordero Pérez (señor Cor-dero), dueño de una de éstas. No conformes con la determi-nación de ARPe, el 3 de diciembre del mismo año, los seño-res José Cordero, Eneida Feliciano y Jesús Acevedo (los peticionarios), colindantes inmediatos de los solares segre-gados, presentaron un escrito de apelación ante la Junta de Apelaciones en la que alegaron que la segregación y agrupación de las fincas en cuestión era improcedente en derecho por no ser el señor Cordero dueño de ambas propiedades. Igualmente, argumentaron que el plano de inscripción aprobado por ARPe tenía múltiples errores, provocados, en parte, por información falsa provista por el señor Cordero.
Luego de varios trámites procesales, el 29 de diciembre de 2010, la Junta Revisora(6) emitió una resolución me-diante la cual devolvió el caso a ARPe, ordenándole a esa agencia que tomara en consideración un pleito de deslinde y reivindicación que se estaba tramitando ante el Tribunal de Primera Instancia y cuyo resultado habría de incidir significativamente en la determinación de la lotificación y agrupación emitida por ésta.
Inconformes aún, los peticionarios sometieron un re-curso de revisión ante el Tribunal de Apelaciones. Argu-mentaron que siendo ilegal la autorización de ARPe, lo que procedía era que la Junta Revisora revocara la Resolución de 2 de noviembre de 2009 y no que devolviera el caso a esa *451 agencia. Sin considerar los méritos del recurso, el foro ape-lativo intermedio sostuvo que conforme a las disposiciones de la Ley Núm. 161-2009, le correspondía a este Foro revi-sar la determinación de la Junta Revisora, razón por la cual desestimó el recurso por falta de jurisdicción. (7) Luego de sometida una moción de reconsideración en la cual los peticionarios alegaron haber sido inducidos a error por la propia Junta Revisora con respecto al foro autorizado en ley para recurrir de su determinación, el 9 de agosto de 2011, el Tribunal de Apelaciones le requirió a la Junta Re-visora que expusiera su posición.
Así las cosas, el 23 de agosto de 2011 la Junta Revisora presentó una “Moción en cumplimiento de orden” ante el tribunal apelativo intermedio. Sostuvo que, conforme a lo establecido en el Art. 11.13 de la Ley Núm. 161-2009 (23 L.P.R.A. sec. 90211), la apelación presentada por los peti-cionarios ante la Junta de Apelaciones fue transferida a su consideración para que la atendiese al amparo de las leyes y los reglamentos vigentes al momento de someterse la so-licitud de lotificación ante ARPe(8) Alegó que según ese es-tado de derecho, tanto las determinaciones tomadas por la Junta de Apelaciones, así como también aquellas realiza-das por la Junta Revisora en los casos transferidos, tenían que ser revisadas por el Tribunal de Apelaciones. Mediante Resolución emitida el 2 de septiembre de 2011, el Tribunal de Apelaciones declaró “no ha lugar” la moción de reconsi-deración, manteniendo en vigor su resolución anterior.
Los peticionarios acudieron entonces ante nos y cuestio-naron los méritos de la decisión de la Junta Revisora de devolver el caso al foro administrativo. Del mismo modo han comparecido la Junta Revisora y la Oficina de Geren-cia de Permisos (OGPe) (en conjunto, los recurridos) se- *452 halando que, conforme a lo dispuesto en la Ley Núm. 161-2009, el foro judicial con jurisdicción para atender el recurso de marras en primera instancia es el Tribunal de Apelaciones.
Mediante resolución emitida el 27 de enero de 2012, ex-pedimos el auto de certiorari solicitado.

CC-2012-0150

El 29 de septiembre de 2009, ARPe emitió una resolu-ción mediante la cual autorizó, vía excepción, una solicitud de permiso de uso para operar un taller de mecánica li-viana y electromecánica. (9) Inconformes con esa determina-ción, cuarenta y ocho (48) propietarios de inmuebles colin-dantes (los recurridos), sometieron un escrito de apelación ante la Junta de Apelaciones. Adujeron que ARPe había errado al autorizar el permiso de uso indicado, puesto que el solar donde se pretendía establecer el taller de mecánica estaba zonificado como Distrito Residencial R-l, la autori-zación no estaba acorde con lo establecido en el Plan Territorial del municipio de Cayey y el uso iba contra los mejo-res intereses de los demás propietarios del sector.
El 4 de agosto de 2011, la Junta Revisora dictó una re-solución en la que confirmó la autorización de permiso de uso concedida por ARPe.(10) Entendió ese foro que el taller propuesto cumplía con los parámetros reglamentarios y se encontraba en los usos permitidos en los distritos residen-ciales R-l por vía de excepción.(11)
*453 No conformes con tal decisión, el 1 de septiembre de 2011, los recurridos solicitaron revisión ante el Tribunal de Apelaciones. Sin embargo, ese foro desestimó el recurso por falta de jurisdicción mediante Sentencia emitida a tales efectos el 30 de noviembre de 2011. Concluyó que según la Ley Núm. 161-2009, la revisión dé las determinaciones de la Junta Revisora le corresponde a este Tribunal por medio del recurso de certiorari. Por lo tanto, ordenó a la Junta Revisora que volviera a notificar la Resolución de 4 de agosto de 2011, incluyendo las advertencias sobre la re-visión de determinación conforme a lo dispuesto.
Así las cosas, el 21 de diciembre de 2011, la Junta Re-visora solicitó reconsideración ante el foro apelativo intermedio. Argumentó que conforme al Art. 11.13 de la Ley Núm. 161-2009, supra, la apelación presentada en la Junta de Apelaciones y posteriormente transferida ante sí, tenía que ser atendida al amparo de las leyes y los regla-mentos vigentes al 14 de octubre de 2008, fecha cuando fue sometida la solicitud de permiso de uso ante ARPe. Sos-tuvo que, según esos estatutos, la revisión de su determi-nación tenía que presentarse en el Tribunal de Apelaciones y no ante este Tribunal como estableció el foro apelativo intermedio en su sentencia.
Declarada “no ha lugar” la reconsideración,(12) tanto la Junta Revisora como la OGPe han comparecido antes nos. Mediante sus escritos argumentan que es al Tribunal de Apelaciones y no a este Foro a quien le corresponde la re-visión inicial de los recursos de epígrafe.
Mediante Resolución emitida el 30 de marzo de 2012 expedimos el auto de certiorari solicitado y ordenamos la consolidación de los recursos CC-2011-0823 y CC-2012-0150.

*454
CC-2012-0158

Luego de varios trámites a nivel administrativo y judicial, dirigidos a obtener la aprobación de una consulta en conformidad con el Reglamento de Zonificación para la construcción de una gasolinera con tienda de conveniencia en el municipio de Yabucoa, el 31 de agosto de 2009, ARPe emitió una autorización mediante la cual permitió la alu-dida consulta a favor del Sr. Pedro Díaz López (señor Díaz).
Inconforme con esa autorización, el Sr. Angel Luis Santana (señor Santana o el recurrido) solicitó reconsideración ante ARPe y por ésta no ser atendida, posteriormente so-metió un escrito de apelación ante la Junta de Apelaciones. Adujo, entre otros extremos, que el proyecto propuesto no cumplía con los parámetros de distancia entre gasolineras provisto en el Reglamento de Planificación Núm. 27.(13)
Mediante Resolución emitida el 29 de junio de 2011 y notificada a las partes el 1 de julio del mismo año, la Junta Revisora devolvió el caso a la OGPe.(14) Concluyó que las determinaciones de hechos que se desprenden de la resolu-ción emitida por ARPe no sustentan la autorización concedida. En desacuerdo con esa decisión, el señor Santana acudió mediante solicitud de revisión administrativa ante el Tribunal de Apelaciones.
Luego de varios trámites procesales que incluyeron una moción de la Junta Revisora para que se requiriera la com-parecencia de la OGPe como parte indispensable y una so-licitud de desestimación presentada por el señor Díaz, el 30 de noviembre de 2011, el foro apelativo intermedio emi-tió sentencia, en la que desestimó el recurso por falta de jurisdicción. Alegó que conforme a las disposiciones de la *455 Ley Núm. 161-2009, la revisión de las determinaciones finales de la Junta Revisora le corresponde a este Foro. La Junta Revisora solicitó reconsideración de ese dictamen, y alegó, tal y como lo había hecho en los recursos anteriores, que según lo dispuesto en el Art. 11.13 de la Ley Núm. 161-2009, supra, la revisión de la determinación de la Junta Revisora le correspondía al Tribunal de Apelaciones. No obstante, fue declarada “no ha lugar” el 18 de enero de 2012. De esa denegatoria, la Junta Revisora ha acudido ante nos cuestionando la determinación del tribunal ape-lativo intermedio de declararse sin jurisdicción.
El 27 de abril de 2012 expedimos el auto de solicitado y ordenamos la consolidación de los tres recursos de epígrafe (CC-2011-0823, CC-2012-0150 y CC-2012-0158). Contando con la comparecencia de las partes en todos los recursos, nos encontramos en posición de resolver.
II
A. Letra clara de la ley
Con el fin de descargar nuestra función de resolver las controversias sometidas ante nos, frecuentemente tenemos que recurrir, como en el caso de epígrafe, al uso de la her-menéutica legal. R.E. Bernier y J.A. Cuevas Segarra, Apro-bación e interpretación de las leyes en Puerto Rico, 2da ed. rev., San Juan, Pubs. J.T.S., 1987, pág. 241. Y es que, tal y como hemos mencionado en ocasiones anteriores, toda ley necesita ser interpretada para aplicarse. Asoc. Fcias. v. Caribe Specialty et al. II, 179 D.P.R. 923 (2010). “Eso es así ya sean oscuras o claras las palabras de la ley, por lo que se puede decir que es falso afirmar que sólo las leyes oscuras deben ser interpretadas”. Bernier y Cuevas Segarra, op. cit., pág. 259; Consejo Titulares v. DACo, 181 D.P.R. 945, 958 (2011).
*456 Uno de los principios medulares en la interpreta-ción de la ley se encuentra recogido en el Art. 14 de nuestro Código Civil, 31 L.P.R.A. sec. 14. Este dispone que “[cjuando la ley es clara [y] libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu”. íd. “[E]n un sinnúmero de ocasiones hemos indicado que ante el lenguaje claro, explícito y libre de toda ambigüedad o duda de un estatuto, no cabe menos-preciar la letra de la ley bajo el pretexto de cumplir su espíritu, máxime cuando el espíritu o intención del esta-tuto y su letra son la misma cosa”. (Citas y comillas omitidas). Bomberos Unidos v. Cuerpo de Bomberos et al., 180 D.P.R. 723, 750 (2011), citando a Pueblo v. Castro Muñiz, 118 D.P.R. 625, 650 (1987).
En aras de cumplir con la norma cardinal que preceptúa el aludido Art. 14 del Código Civil, supra, el primer paso al interpretar un estatuto es remitirnos al propio texto de la ley, puesto que cuando el legislador se ha expresado en un lenguaje claro e inequívoco, el propio texto de la ley es la expresión por excelencia de la intención legislativa. Soc. Asist. Leg. v. Ciencias Forenses, 179 D.P.R. 849, 862 (2010); CBS Outdoor v. Billboard One, Inc. et al., 179 D.P.R. 391, 417 (2010); Piovanetti v. S.L.G. Touma, S.L.G. Tirado, 178 D.P.R. 745, 767 (2010). Es decir, cuando el lenguaje de la ley no cree dudas, no es necesario ir más allá de la letra de ésta para hallar la voluntad del legislador, sino que se debe descubrir y dar efecto a la intención según expresada en la propia letra del estatuto. Id.
B. Jurisdicción
El término “jurisdicción” ha sido definido como el poder o la autoridad que posee un tribunal para dilucidar los casos o controversias presentados ante su consideración. Peerless Oil v. Hnos. Torres Pérez, 186 D.P.R. 239 (2012); Pueblo v. Rodríguez Traverzo, 185 D.P.R. 789 (2012); S.L.G. Solá-Moreno v. Bengoa Becerra, 182 *457 D.P.R. 675 (2011); Gonzalez v. Mayagüez Resort & Casino, 176 D.P.R. 848 (2009).
De acuerdo con ese principio, el primer aspecto que se ha de examinar en toda situación jurídica presentada ante la consideración de un foro adjudicativo es su naturaleza jurisdiccional. Cruz Parrilla v. Depto. Vivienda, 184 D.P.R. 393 (2012). Es decir, los tribunales tienen la responsabili-dad indelegable de auscultar, en primera instancia, su pro-pia jurisdicción.
Los tribunales tenemos un deber ministerial de examinar y evaluar con rigurosidad cualquier señalamiento de falta de jurisdicción, pues, como mencionáramos, ésta incide directamente sobre nuestro poder para adjudicar cualquier controversia. Souffront v. A.A.A., 164 D.P.R. 663 (2005). Véase, además, Cruz Parrilla v. Depto. Vivienda, supra. Teniendo eso en mente, consistentemente hemos afirmado que los entes adjudicativos debemos ser celosos guardianes de nuestra jurisdicción, examinando esta, no empece el asunto no ha sido planteado anteriormente. Cruz Parrilla v. Depto. Vivienda, supra; J.A. Cuevas Segarra, Tratado de derecho procesal civil, 2da ed., San Juan, Pubs. J.T.S., 2011, T. I, pág. 177.
Por consiguiente si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un re-curso, solo tiene autoridad para así declararlo. S.L.G. Solá-Moreno v. Bengoa Becerra, supra. De hacer esa determina-ción de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. González v. Mayagüez Resort & Casino, supra.(15) Lo anterior, basado en la premisa de que si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurí-dicamente inexistente o ultra vires. Maldonado v. Junta de Planificación, 171 D.P.R. 46 (2007).
*458 C. Ley Núm. 161-2009
La Ley Núm. 161-2009, supra, fue promulgada con el fin de establecer el nuevo marco legal y administrativo que habría de guiar la solicitud, evaluación, concesión y denegación de permisos de uso y de construcción y desarrollo de terrenos por parte del Gobierno de Puerto Rico. Esta tiene como objetivo transformar el sistema de permisos de Puerto Rico de modo que sea más transparente, ágil, confiable y eficiente. Exposición de Motivos de la Ley Núm. 161-2009.
Mediante esa ley se creó la OGPe, entidad encargada de la evaluación, concesión o denegación de determinaciones finales y permisos relativos al desarrollo y el uso de terre-nos, así como de las consultas de ubicación. 23 L.P.R.A. sec. 9012d. Además, se instituyó la Oficina del Inspector General, organismo encargado, entre otras cosas, de fiscalizar el cumplimiento de las determinaciones finales y permisos otorgados por la OGPe. Id.
Asimismo, se estableció una Junta Revisora para que fungiera como un foro especializado e independiente en la revisión de las determinaciones finales provenientes de la OGPe, de la Junta Adjudicativa de la OGPe,(16) de los mu-nicipios autónomos con jerarquía de la I a la V,(17) y de un profesional autorizado.(18)
Sobre el particular, el Art. 12.1 de la Ley Núm. *459 161-2009, supra,(19) dispone para que cualquier parte ad-versamente afectada por una actuación, determinación final o resolución de la OGPe, de la Junta Adjudicativa, de los municipios autónomos con jerarquía de la I a la V, o de un profesional autorizado, presente un recurso de revisión administrativa ante la Junta Revisora. Según la anterior Ley Núm. 76 de 24 de junio de 1975, según enmendada, conocida como Ley Orgánica de ARPe (Ley Núm. 76),(20) estas revisiones eran llevadas a cabo por la Junta de Apelaciones.
Según el nuevo esquema normativo, una vez la Junta Revisora emite una determinación, cualquier parte afec-tada por ésta puede acudir mediante recurso de certiorari directamente ante este Tribunal en un término de treinta días, sin tener que recurrir primero ante el Tribunal de Apelaciones como sucedía antes.(21) Sin embargo, como parte de los mecanismos establecidos para lograr una tran-sición ordenada de la antigua Ley de ARPe al nuevo orde-namiento instaurado por la Ley Núm. 161-2009, se inclu-yeron varias disposiciones transitorias para atender, específicamente, los procesos que quedaban aún pendien-tes bajo el anterior esquema procesal.
Sobre el particular, el Art. 11.13 de la Ley Núm. 161-2009, supra, establece lo siguiente:
A la fecha de vigencia de esta ley, los casos pendientes de resolución ante la Junta de Apelaciones sobre Construcciones y Lotificaciones, incluyendo aquellas determinaciones de los municipios autónomos que hasta la fecha de la vigencia de esta ley eran apeladas ante la Junta de Apelaciones sobre Construcciones y Lotificaciones, se transferirán a la Junta Re-visora para su resolución, al amparo de las disposiciones de las leyes y reglamentos vigentes al momento de la presentación de la solicitud de autorización objeto de la revisión. (Enfasis nuestro). 23 L.P.R.A. sec. 9021Z.
*460 Es decir, para evitar crear un vacío en el trámite admi-nistrativo mientras se realizaba una transición ordenada hacia la nueva reforma del proceso de permisos, la propia Ley Núm. 161-2009 preceptuó para que los asuntos que quedaban pendientes ante la consideración de la Junta de Apelaciones fueran atendidos por la Junta Revisora, pero utilizando el esquema de ley existente al momento de pre-sentarse la solicitud de permiso objeto de revisión.(22) Atado a ello, el Art. 19.10 de la Ley Núm. 161-2009,(23) dispuso para que la anterior Ley Orgánica de ARPe perma-neciera vigente y no fuera derogada, sino hasta luego de transcurrido un año de entrar en vigor la nueva ley(24)
Del mismo modo, el Art. 18.1 de la aludida ley fijó que:
Cualquier procedimiento administrativo, caso, querella o acusación pendiente por violaciones a las leyes o parte de és-tas, o reglamentos derogados o afectados por este capítulo, que ocurran con anterioridad a la fecha de vigencia de esta Ley, se transferirán a la Oficina del Inspector General o la Junta Re-visora, según aplique, para que se sigan tramitando bajo la ley vigente al momento de haberse cometido la violación Cualquier acción civil radicada en relación con la estructuración de cual- *461 quiera de las leyes, o parte de éstas, derogadas o afectadas por este capítulo, y en trámite antes de la fecha de vigencia de esta ley, no quedará afectada por ninguna de las derogaciones o modificaciones formuladas por este capítulo. (Énfasis nuestro). 23 L.P.R.A. sec. 9028.
Conforme a lo anterior, mientras estuvieron en pleno vigor los estatutos y reglamentos que precedieron a la aprobación de la Ley Núm. 161-2009, la revisión de las determinaciones de la Junta de Apelaciones, organismo que antecedió a la Junta Revisora, se hacía según lo dispuesto por la See. 4.2 de la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como Ley de Procedimiento Administrativo Uniforme (LPAU). 3 L.P.R.A. sec. 2172. Esa disposición, específicamente, establece que una parte adversamente afectada por una determinación final de la agencia podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones en el término de treinta (30) días del archivo en autos de la copia de la notificación de la decisión.
De ese modo, conforme al estado de derecho vigente, previo a la aprobación del Art. 13.1 de la Ley Núm. 161-2009, supra, las revisiones del foro administrativo revisor de ARPe se realizaban ante el Tribunal de Apelaciones y no ante este Tribunal. Véase, por ejemplo, Maymí v. Gob. Mun. Aut. Ponce, 151 D.P.R. 689, 700 (2000), donde sostu-vimos que las resoluciones emitidas por la Junta de Apela-ciones pueden ser revisadas, vía recurso de revisión admi-nistrativa, por el Tribunal de Apelaciones
I HH 1 — I
Una vez expuesta la normativa aplicable a los recursos de autos, pasamos a resolver la controversia planteada ante nuestra consideración.
Del trasfondo procesal de los recursos de epígrafe, pode-mos colegir que todos fueron iniciados ante ARPe previo a *462 la aprobación de la nueva Ley Núm. 161-2009, supra. Se-gún lo expuesto claramente en el Art. 11.13 de ese estatuto, supra, aquellos casos de consultas y permisos iniciados de acuerdo con la ahora derogada Ley Orgánica de ARPe, de-berán continuar siendo atendidos mediante las disposicio-nes de las leyes y los reglamentos vigentes al momento de ser sometidas las solicitudes que ahora son objeto de nues-tra revisión. Así pues, conforme al esquema procesal en vigor a la fecha de ser presentadas las solicitudes iniciales en los recursos de epígrafe, la revisión de las determinacio-nes de la Junta de Apelaciones correspondía al Tribunal de Apelaciones según lo dispuesto en la See. 4.2 de la LPAU, supra.
De este modo, ejerciendo nuestro rol como intérpretes máximos de la Constitución y las leyes de Puerto Rico y guiados por lo que dispone la letra clara del Art. 11.13 de la Ley Núm. 161-2009, supra, concluimos que es el Tribunal de Apelaciones y no esta Curia, el foro con jurisdicción para atender la revisión judicial de los recursos aquí consolida-dos, así como la de todos aquellos casos que se encuentren en igual situación. Realizamos esta interpretación guiados por las propias disposiciones del estatuto que exigen una transición ordenada. Esta interpretación es cónsona, tam-bién, con la brindada tanto por la Junta Revisora como por la OGPe al estatuto que vienen obligadas a poner en vigor, por lo que merece nuestra deferencia. Véase, por ejemplo, Torres Santiago v. Depto. Justicia, 181 D.P.R. 969 (2011).
De otra parte, entendemos meritoria y necesaria la norma que hoy pautamos, puesto que al presente existen inconsistencias entre las determinaciones de diversos pa-neles del Tribunal de Apelaciones sobre la cuestión aquí planteada.
En concordancia con lo esbozado, podemos colegir que lo dispuesto en el Art. 13.1 de la Ley Núm. 161-2009, supra, en lo atinente a las revisiones de las determinaciones de la *463 Junta Revisora ante este Tribunal, aplica únicamente a casos adjudicados por la Junta Revisora sobre solicitudes que fueron presentadas o adjudicadas por la OGPe a partir de 1 de diciembre de 2010, fecha cuando ambas entidades iniciaron su operación. Lo anterior queda evidenciado en lo dispuesto en el propio Art. 11.13 de la Ley Núm. 161-2009, supra, que expresamente requiere la utilización de la ley anterior para los casos iniciados al amparo de ese esquema normativo.
Por todo lo expuesto resolvemos, además, que distinto a lo expresado por el Tribunal de Apelaciones, la Junta Re-visora no erró al apercibir a todas las partes de su derecho a solicitar una revisión de la determinación administrativa ante el foro apelativo intermedio. Por consiguiente, no pro-cede una nueva notificación de las Resoluciones de la Junta Revisora, según intimado por ese foro.
En conclusión, una vez evaluados los hechos presenta-dos ante nos, al igual que las disposiciones de las leyes aplicables, resolvemos que incurrió en error el Tribunal de Apelaciones al rehusar asumir jurisdicción en los recursos de epígrafe y al determinar, en su lugar, que las partes adversamente afectadas por las determinaciones de la Junta Revisora tenían que acudir directamente ante este Foro mediante recurso de certiorari. Según la letra clara del Art. 11.13 de la Ley Núm. 161-2009, supra, corresponde al Tribunal de Apelaciones la revisión de las determinacio-nes de la Junta Revisora en controversia.
IV
En vista de lo anterior, revocamos la Resolución de 30 de junio de 2011 en el Recurso CC-2011-0823, la Sentencia de 30 de noviembre de 2011 en el Recurso CC-2012-0150 y la Sentencia de 30 de noviembre de 2011 en el Recurso CC-2012-0158 emitidas por el Tribunal de Apelaciones y devol- *464 vemos los casos a ese foro para que sea éste quien los atienda en los méritos.

Se dictará sentencia de conformidad.

El Juez Presidente Señor Hernández Denton y el Juez Asociado Señor Martínez Torres se inhibieron. La Juez Asociada Señora Rodríguez Rodríguez no intervino.

 23 L.P.R.A. sec. 9011 et seq., según enmendada, conocida como Ley para la Reforma del Proceso de Permisos de Puerto Rico (Ley Núm. 161-2009). En esta se restructure) el sistema de evaluación de permisos en Puerto Rico en aras de crear uno más integrado y eficiente.

 La Junta de Apelaciones sobre Construcciones y Lotificaciones (Junta de Apelaciones) era el foro administrativo encargado de revisar las determinaciones de la antigua Administración de Reglamentos y Permisos (ARPe).

 La Junta Revisora de Permisos y Uso de Terrenos (Junta Revisora) es el cuerpo revisor al cual le fueron transferidos los casos que estaban pendientes de resolución ante la Junta de Apelaciones cuando se aprobó la Ley Núm. 161-2009.

 Se refiere a las determinaciones emitidas por los municipios autónomos que hasta la fecha de vigencia de la Ley Núm. 161-2009 eran apeladas ante la Junta de Apelaciones.

 Resolución notificada a las partes el 3 de noviembre de 2009.

 Como mencionáramos, el 1 de diciembre de 2009, mientras el asunto de marras se encontraba aún ante la consideración de la Junta de Apelaciones, la Asam-blea Legislativa de Puerto Rico aprobó la Ley Núm. 161-2009, mediante la cual ordenó la transferencia de los casos que estaban pendientes de resolución ante la Junta de Apelaciones al nuevo ente examinador conocido como Junta Revisora.

 Resolución del Tribunal de Apelaciones de 30 de junio de 2011.

 La solicitud de permiso fue presentada ante ARPe el 21 de septiembre de 2009.

 La solicitud de permiso fue presentada por el Sr. Ronald M. Telles Alvarado el 14 de octubre de 2008.

 Tal y como mencionáramos en el recurso que antecede, por virtud de la Ley Núm. 161-2009 los casos que se encontraban ante la consideración de la Junta de Apelaciones fueron trasferidos a la Junta Revisora.

 Como parte de su determinación, la Junta Revisora apercibió a las partes de su derecho a solicitar reconsideración y solicitar la revisión de ese dictamen ante el Tribunal de Apelaciones, conforme a las Secs. 3.15 y 4.2 de la Ley Núm. 170 de 12 de octubre de 1988, según enmendada, conocida como Ley de Procedimiento Adminis-trativo Uniforme (LPAU), 3 L.P.R.A. sees. 2165 y 2172, respectivamente.

 La Resolución para denegar la reconsideración fue emitida el 26 de enero de 2012.

 Reglamento para Delegar a la Administración de Reglamentos y Permisos la Adjudicación de Permisos de Usos y Construcción y Desarrollo de Terrenos en Áreas No Zonificadas y para Establecer Criterios para su Evaluación, Reglamento Núm. 6517, Departamento de Estado, 5 de septiembre de 2002.

 Organismo sucesor de ARPe, en virtud de la Ley Núm. 161-2009, supra.

 Véanse, además: Regla 83(B)(1) del Reglamento del Tribunal de Apelacio-nes, 4 L.P.R.A. Ap. XXII-B; Regla 32(d) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-B.

 La Junta Adjudicativa de la OGPe es un organismo adscrito a esa oficina encargada de evaluar y adjudicar determinaciones finales y permisos de carácter discrecional. 23 L.P.R.A. sec. 9016.

 Se refiere a aquellos municipios que obtuvieron la transferencia de faculta-des de la Junta de Planificación y de ARPe sobre la ordenación territorial, incluyendo querellas, autorizaciones y permisos, según el Art. 13.012 de la Ley Núm. 81-1991, según enmendada, conocida como Ley de Municipios Autónomos (21 L.P.R.A. sec. 4610).

 Los profesionales autorizados son agrimensores, agrónomos, arquitectos, geólogos, ingenieros y planificadores, encargados de evaluar o expedir permisos mi-nisteriales, en cumplimiento con las disposiciones de la Ley Núm. 161-2009, supra, y con cualquier otra disposición legal aplicable. 23 L.P.R.A. sec. 9017.

 23 L.P.R.A. sec. 9022.

 Ley Núm. 76 de 24 de junio de 1975 (23 L.P.R.A. ant. sec. 71 et seq.). Esa ley fue derogada por la Ley Núm. 161-2009, supra.

 Art. 13.1 de la Ley Núm. 161-2009 (23 L.P.R.A. sec. 9023).

 Es menester mencionar que mediante la Ley Núm. 76, se derogaron varios artículos de la Ley Núm. 213 de 12 de mayo de 1942, según enmendada, conocida como “Ley de Planificación, Urbanización y Zonificación de Puerto Rico”. Para aquel entonces también se dispuso que los casos que estuviesen pendientes ante la extinta Junta de Apelaciones sobre Construcciones y Lotificaciones fuesen transferidos a la nueva Junta de Apelaciones sobre Construcciones y Lotificaciones, pero que conti-nuasen siendo tramitados por la nueva Junta de Apelaciones al amparo de la ley vigente al momento de los hechos que dieron base a esos procedimientos. Específica-mente, disponía el Art. 41 de la Ley Núm. 76 en su inciso (b) lo siguiente: “[tjodos los procedimientos administrativos que estén pendientes en la Junta de Apelaciones Sobre... Construcciones y Lotificaciones, creada por la Ley [N]úm. 213, de 12 de mayo de 1942, según enmendada, serán transferidos a la Junta de Apelaciones que se crea mediante esta ley. ..y se seguirán tramitando bajo la ley vigente al momento de los hechos que dieron base a dichos procedimientos”. (Enfasis nuestro). 23 L.P.R.A. ant. sec. 72b n. (ed. 2008).

 23 L.P.R.A. sec. 9011 n.

 El Art. 19.10 de la Ley Núm. 161-2009 dispone, específicamente: “Se deroga la Ley Núm. 76 de 24 de junio de 1975, según enmendada..., conocida como ‘Ley Orgánica de la Administración de Reglamentos y Permisos’, al año de entrar en vigor esta Ley”. (Énfasis nuestro). 23 L.P.R.A. sec. 9011 n.