EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Administración de Vivienda Pública P/C de su agente administrador FPC Crespo Group <br><br> Recurrida <br><br> v. <br><br> Joanie Vega Martínez <br><br> Peticionaria | Certiorari <br><br> 2018 TSPR 84 <br><br> 200 DPR ____ |

Número del Caso: CC-2017-625


Fecha: 10 de mayo de 2018


Tribunal de Apelaciones:

> Región Judicial de Mayagüez-Utuado


Abogada de la parte peticionaria:

> Lcda. Imghard Del Toro Morales


Abogado de la parte recurrida:

> Lcdo. Héctor Santiago Romero


Materia: Procedimiento de desahucio: Forma de computar el término para apelar que dispone el Art. 628 del Código de Enjuiciamiento Civil.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Administración de Vivienda Pública P/C de su agente administrador FPC Crespo Group | | *Certiorari* |
| Recurrida | CC-2017-0625 | |
| v. | | |
| Joanie Vega Martínez | | |
| Peticionaria | | |

Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco.

En San Juan, Puerto Rico, a 10 de mayo de 2018.

Comparece ante nos la Sra. Joanie Vega Martínez ("la peticionaria") y nos solicita que revoquemos la Sentencia emitida por el Tribunal de Apelaciones el 21 de abril de 2017. Mediante esta, por presuntamente ser tardía, el foro apelativo intermedio desestimó la Apelación en la que la peticionaria recurrió de la Sentencia de desahucio que el foro primario emitió en su contra el 20 de marzo de 2017.

El presente recurso nos brinda la oportunidad de analizar, en el contexto de la Regla 68 de Procedimiento Civil de 2009, infra, cómo se computa el término de cinco (5) días que dispone el Código de Enjuiciamiento Civil, infra, para apelar las sentencias emitidas en procedimientos de desahucio sumario.

A continuación, pasamos a delinear los antecedentes fácticos que dieron génesis a la controversia de autos.

I

La controversia en el caso de epígrafe está centrada en el trámite procesal apelativo. Por tal razón, nos limitaremos a esbozar aquellos hechos pertinentes incontrovertidos en cuanto a este particular.

La señora Vega Martínez reside en uno de los apartamentos del Residencial Público Francisco Figueroa en el pueblo de Añasco desde el 1 de diciembre de 1992. Ello, en virtud de un Contrato de Arrendamiento que suscribió con la Administración de Vivienda Pública, dueña del complejo residencial. El referido complejo es administrado por FPC Crespo Group, Inc. ("Crespo").

El 18 de enero de 2017, Crespo presentó una Demanda de desahucio contra la señora Vega Martínez. Arguyó que esta incumplió con el proceso de recertificación que debe completar anualmente. Lo anterior, a pesar de que presuntamente le advirtió a la peticionaria que el incumplimiento con dicho requisito podría acarrear la cancelación del contrato de arrendamiento. Luego de varios trámites procesales, el 8 de marzo de 2017, el foro primario celebró una Vista Evidenciaria y Argumentativa.

El 20 de marzo de 2017, el foro primario emitió una Sentencia en la que declaró Ha Lugar la Demanda de desahucio. La Sentencia fue notificada ese mismo día pero se depositó en el correo el día siguiente: martes, 21 de marzo de 2017. El martes, 28 de marzo de 2017, la peticionaria presentó un recurso de Apelación en el Tribunal de Primera Instancia, Sala de Añasco, foro que

emitió la Sentencia cuya revisión solicitaba. El día después, 29 de marzo de 2017, notificó el recurso apelativo al Tribunal de Apelaciones.

El 21 de abril de 2017, el foro apelativo intermedio emitió una Sentencia en la que desestimó la Apelación de la peticionaria. El foro a quo se decretó sin jurisdicción pues entendió que el recurso fue presentado tardíamente. Resolvió que la peticionaria tenía cinco (5) días a partir de la fecha en la que se depositó la notificación en el correo para apelar la Sentencia y que dicho término expiraba el domingo, 26 de marzo de 2017, por lo que se extendía y culminaba el lunes, 27 de marzo de 2017.

Así las cosas, el 2 de mayo de 2017, la peticionaria presentó una Moción de Reconsideración. Adujo que el término para apelar la Sentencia debía contarse a partir del 21 de marzo de 2017, fecha en la que se depositó la notificación de la Sentencia en el correo. Sostuvo que dicho día debía excluirse del cómputo. Indicó que el día siguiente --22 de marzo de 2017-- también debía excluirse del cómputo por constituir un día feriado legal intermedio, el Día de la Abolición de la Esclavitud. Arguyó que el término para apelar comenzó propiamente el 23 de marzo y que, al excluir los días sábado y domingo, el término culminaba el miércoles, 29 de marzo de 2017. Añadió que presentó el recurso oportunamente en la Sala del Tribunal de Primera Instancia que dictó la Sentencia apelada y que notificó el mismo al Tribunal de Apelaciones dentro del término reglamentario para ello. El 28 de junio

de 2017, el foro apelativo intermedio emitió una Resolución en la que denegó la Moción de Reconsideración de la peticionaria.

Inconforme, el 25 de julio de 2017, la peticionaria presentó ante este Tribunal el recurso de certiorari que nos ocupa y planteó la comisión del error siguiente:

> Erró el Honorable Tribunal Apelativo al desestimar el recurso de apelación presentado por falta de jurisdicción, en contravención a la Regla 68.1 de Procedimiento Civil, Reglamento del Tribunal de Apelaciones y la Ley de la Judicatura.

> Erró el Honorable Tribunal de Apelaciones al desestimar el recurso de apelación por falta de jurisdicción, tomando como fecha de presentación el 29 de marzo de 2017, en contravención a la Regla 14 del Reglamento del Tribunal de Apelaciones.

El mismo día, presentó una Moción en Auxilio de Jurisdicción. Evaluada la solicitud y atendido el recurso, el 27 de julio de 2017 emitimos una Resolución en la que expedimos el auto, ordenamos la paralización de los procedimientos ante el foro primario y le concedimos un término de veinte (20) días a la recurrida para comparecer y mostrar causa por la cual no debíamos revocar la Sentencia recurrida. Esta no compareció. Posteriormente, a solicitud de la peticionaria, acogimos la petición de certiorari como su alegato. Así las cosas, le concedimos a la recurrida un término de treinta (30) días para presentar su alegato. Esta no compareció, por lo que el caso quedó sometido sin el beneficio de su comparecencia. Así las cosas, procedemos a resolver el recurso sin ulterior trámite.

II

A.

El desahucio es el medio que tiene el dueño de un inmueble arrendado para recobrar judicialmente la posesión del inmueble cuando el arrendamiento se acaba por la concurrencia de alguna de las causas de extinción. F. Lucas Fernández, Comentarios al Código Civil y compilaciones forales, Madrid, Ed. Rev. Der. Priv. 1980, T.XX, Vol. 1, pág. 470. El desahucio puede solicitarse en un proceso ordinario o en un proceso sumario. El desahucio sumario está reglamentado por los Arts. 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838. Esta reglamentación responde al interés del Estado en atender expeditamente la reclamación del dueño de un inmueble, cuyo derecho a poseer y disfrutar su propiedad ha sido interrumpido. ATPR v. SLG Volmar-Mathieu, 196 DPR 5, 9 (2016).

Las Sentencias que el Tribunal de Primera Instancia emite como parte del procedimiento de desahucio sumario son apelables. Art. 628 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2830. En lo pertinente a la controversia que nos ocupa, la parte adversamente afectada por una Sentencia de desahucio sumario puede apelarla en un **término jurisdiccional de cinco (5) días**, a partir de la fecha de archivo en autos de la notificación de la sentencia. 32 LPRA sec. 2831. ATPR v. SLG Volmar-Mathieu, supra.

B.

El Reglamento del Tribunal de Apelaciones provee dos (2) maneras de formalizar el recurso de Apelación en casos civiles. Este puede presentarse en la Secretaría del Tribunal de Apelaciones o en la Secretaría del Tribunal de Primera Instancia que dictó la Sentencia apelada. Véase: Regla 14 del Reglamento del Tribunal de Apelaciones, supra.[1] Ahora bien, en ambas instancias, el Reglamento del Tribunal de Apelaciones impone requisitos adicionales de notificación con el propósito de asegurar que ambos tribunales se enteren de la presentación del recurso.

Los documentos que la parte apelante debe notificarle a un tribunal u otro y el término que tiene para ello dependen del foro donde se haya presentado el escrito original de Apelación. Por un lado, si la Apelación se presenta en el Tribunal de Apelaciones, entonces el apelante tiene setenta y dos (72) horas, a partir de la presentación del escrito, para notificarle a la Sala del Tribunal de Primera Instancia que dictó la Sentencia apelada, la cubierta o primera página del escrito de Apelación debidamente sellada con la fecha y hora de presentación. Íd. Por otro lado, si la Apelación se presenta en la Sala del Tribunal de Primera Instancia que dictó la Sentencia apelada, entonces el apelante tiene cuarenta y ocho (48) horas, a partir de la presentación del escrito, para notificarle al Tribunal de Apelaciones,

---

[1] La Regla 14(A) del Reglamento del Tribunal de Apelaciones, supra, dispone que:

> La apelación se formalizará presentando el original del escrito de apelación y tres copias en la Secretaría del Tribunal de Apelaciones o en la Secretaría del Tribunal de Primera Instancia que dictó la sentencia apelada.

el original del escrito de Apelación con el arancel cancelado y tres copias del escrito debidamente selladas por la Secretaría de la sede del Tribunal de Primera Instancia. Íd. Estos términos son de cumplimiento estricto y le son aplicables las disposiciones relativas al cómputo de términos dispuestas en la Regla 68.1 de Procedimiento Civil de 2009, supra. Véase: Hernández Jiménez v. AEE, 194 DPR 378 (2015); Regla 14 del Reglamento del Tribunal de Apelaciones, supra.

C.

Con respecto a cuándo comienza a transcurrir el término para apelar una Sentencia del Tribunal de Primera Instancia es preciso examinar las Reglas 52.2(a) de Procedimiento Civil, supra, y la Regla 13 del Reglamento del Tribunal de Apelaciones, 4 LPRA XI-B.[2] Como norma general, dicho término comienza a contarse a partir de la fecha en la que se archiva en autos la copia de la notificación de la Sentencia. Íd. Sin embargo, cuando la

---

[2] La Regla 52.2(a) de Procedimiento Civil de 2009, supra, dispone que:

> Los recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán presentarse dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado.

La Regla 13 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XI-B, dispone que:

> Las apelaciones contra las sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentaran dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia.
> ...
> Si la fecha de archivo en autos de copia de la notificación de la sentencia es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

fecha en la que se archivó en autos la copia de la notificación de la Sentencia es distinta a la fecha en la que dicha notificación se depositó en el correo, el término para apelar la Sentencia comienza a transcurrir a partir de la fecha del depósito en el correo. Véase: Regla 68.3 de Procedimiento Civil de 2009, supra; Regla 13 del Reglamento del Tribunal de Apelaciones, supra.[3]

D.

Como norma general, las Reglas de Procedimiento Civil aplican en todo procedimiento de naturaleza civil que se celebre en el Tribunal General de Justicia. Regla 1 de Procedimiento Civil de 2009, 34 LPRA Ap. V, R.1. La Regla 68.1 de Procedimiento Civil, supra, ilustra cómo se computan los términos dispuestos en las reglas, las órdenes del Tribunal y en cualquier estatuto civil aplicable.[4] En gran medida, la forma en la que se computa un término depende de la cantidad de días en que consista.

---

[3] La Regla 68.3 de Procedimiento Civil de 2009, supra, dispone en parte que:

> Los términos que se computen a partir del archivo en autos de copia de la notificación de una sentencia, resolución u orden comenzarán a transcurrir a partir del depósito en el correo de la notificación del dictamen, cuando esta fecha sea distinta a la de su archivo en autos.

[4] La Regla 68.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 68.1, dispone que:

> En el cómputo de cualquier término concedido por estas reglas, o por orden del tribunal o por cualquier estatuto aplicable, no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a transcurrir. El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado. También podrá suspenderse o extenderse cualquier término por causa justificada cuando el Tribunal Supremo de Puerto Rico lo decrete mediante resolución. Cuando el plazo concedido sea menor de siete (7) días, los sábados, domingos o días de fiesta legal

Por un lado, los términos que consisten en siete (7) días o más, comienzan a computarse el día después de que ocurre el acto o evento que lo activa. Íd. Los sábados, domingos y días feriados intermedios se cuentan como parte del cómputo. Íd. El último día del término se incluye siempre y cuando no sea sábado, domingo ni día de fiesta legal. Íd. Si el último día del término es un sábado, domingo o día festivo, entonces el término se extiende hasta el fin del próximo día que no sea sábado, domingo ni día feriado legal. Íd.

Por otro lado, los términos menores de siete (7) días se computan de forma distinta. Al igual que ocurre con los demás términos, estos comienzan a computarse el día después de que ocurre el acto o evento que lo activó. Es decir, el día del acto o evento que activa el término se excluye del cómputo. No obstante, y a diferencia de lo que ocurre al computar términos que consisten en siete (7) días o más, en estos casos también se excluyen del cómputo los sábados, domingos y/o días de fiesta legal intermedios. Íd. Ahora bien, si el último día del término es un sábado, domingo o día festivo legal, entonces el término se extiende hasta el fin del próximo día que no sea sábado, domingo ni día feriado legal, como ocurre con los demás términos. Íd.

Este Tribunal ha aplicado la Regla 68.1 de Procedimiento Civil al cómputo de términos apelativos en reiteradas ocasiones. Recientemente, en Hernández Jiménez

---

intermedios se excluirán del cómputo. Medio día feriado se considerara como feriado en su totalidad.

v. AEE, 194 DPR 378, 387-388 (2015) aseveramos claramente que la Regla 68.1 de Procedimiento Civil, supra, aplica a los términos de naturaleza apelativa, en virtud de la Regla 1 de Procedimiento Civil. Allí, resolvimos que el mecanismo de cómputo que provee la Regla 68.1 de Procedimiento Civil aplica al computar el término de 72 horas que provee la Regla 33(A) del Reglamento del Tribunal de Apelaciones. Para ello, citamos con aprobación a Medio Mundo, Inc. v. Rivera, 154 DPR 315, 331-332 (2001) (Donde aplicamos la Regla 68.1 de Procedimiento Civil de 1979 para computar los 30 días para apelar una sentencia ante el Tribunal de Apelaciones); Maymí v. Gob. Mun. Aut. Ponce, 151 DPR 689, 697 (2000) (Donde aplicamos la Regla 68.1 de Procedimiento Civil de 1979 para computar los 30 días para presentar un recurso de certiorari al Tribunal Supremo); Ortiz v. Adm. Sist. de Retiro Emp. Gob., 147 DPR 816, 823, n.6 (1999) (Donde aplicamos la Regla 68.1 de Procedimiento Civil de 1979 para computar el término para presentar un recurso de revisión administrativa ante el Tribunal de Apelaciones). Véase además: R. Hernández Colón, Derecho procesal civil, 6ta ed., San Juan, LexisNexis, 2017, Sec. 5302 y 5544, págs. 501 y 550.

Ni el recurrido alega ni vemos razón alguna para no aplicar la Regla 68.1 de Procedimiento Civil, supra, al caso de autos. Ciertamente, las normas de desahucio sumario no vedan la aplicación de dicha regla. Asimismo, entendemos que el mecanismo dispuesto por la Regla 68.1 de Procedimiento Civil no es incompatible con el proceso de

desahucio sumario. Tampoco atenta contra la solución justa, rápida y económica de los procesos judiciales. A contrario sensu, lo aquí resuelto milita a favor del ejercicio del derecho de apelación de todo aquel que pretenda recurrir de una Sentencia en este tipo de procedimiento. Consecuentemente, resolvemos que el mecanismo provisto por la Regla 68.1 de Procedimiento Civil aplica al término jurisdiccional de cinco (5) días que el Art. 630 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2831, provee para apelar una Sentencia de desahucio sumario.

Conforme a la normativa jurídica antes expuesta, pasamos a resolver la controversia ante nos.

III

La peticionaria arguye que el Tribunal de Apelaciones erró al decretarse sin jurisdicción. Aduce que formalizó la Apelación oportunamente, por lo que el foro apelativo intermedio tenía jurisdicción para atenderla. Tiene razón. A continuación, disponemos de ambos señalamientos de error en conjunto por estar íntimamente relacionados.

No hay controversia con respecto a cuándo comenzó a transcurrir el término que la peticionaria tenía para apelar el dictamen del foro primario. El Tribunal de Primera Instancia emitió la Sentencia de desahucio el lunes, 20 de marzo de 2017. La Sentencia fue archivada en autos ese mismo día. Sin embargo, la notificación de dicha Sentencia fue depositada en el correo un día después: el martes, 21 de marzo de 2017. Por tal razón, y conforme a la

Regla 68.3 de Procedimiento Civil, supra, y a la Regla 13 del Reglamento del Tribunal de Apelaciones, supra, el término que tenía la peticionaria para apelar la Sentencia de desahucio comenzó a transcurrir a partir del martes, 21 de marzo de 2017, fecha en la que la notificación se depositó en el correo.

Tampoco existe controversia con respecto a que la peticionaria tenía cinco (5) días para apelar la Sentencia de desahucio, conforme al Art. 629 del Código de Enjuiciamiento Civil, supra. Ahora bien, ¿cómo se computa ese término? ¿Hasta cuándo tenía la peticionaria para presentar su Apelación? Al justipreciar la controversia de autos a la luz de las Reglas 68.1 y 68.3 de Procedimiento Civil de 2009, supra, concluimos que la peticionaria tenía hasta el miércoles, 29 de marzo de 2017, para apelar la Sentencia de desahucio. Nos explicamos.

El martes, 21 de marzo de 2017 se realizó el acto a partir del cual el término comenzó a transcurrir, a saber: el depósito de la notificación en el correo. Por lo tanto, conforme a la Regla 68.1 de Procedimiento Civil, supra, ese día se excluye del cómputo. Tomamos conocimiento judicial de que el miércoles, 22 de marzo de 2017 se celebró el Día de la Abolición de la Esclavitud, un día feriado legal.[5] Debido a que el término de apelación en controversia es

_____

[5] La Regla 201 de Evidencia de Puerto Rico dispone, en parte, que los tribunales pueden tomar conocimiento judicial sobre hechos adjudicativos que son de conocimiento general en Puerto Rico y/o de corroboración inmediata y exacta por fuentes cuya exactitud no puede ser razonablemente cuestionada. La toma de conocimiento judicial puede ser motu proprio e inclusive durante el trámite apelativo. 32 LPRA Ap. VI, R.201.

menor de siete (7) días, el miércoles, 22 de marzo de 2017 también se excluye del cómputo por constituir un día feriado legal intermedio. Así las cosas, el término de cinco (5) días para apelar la Sentencia de desahucio comenzó a transcurrir propiamente el jueves, 23 de marzo de 2017. Conforme a la Regla 68.1 de Procedimiento Civil, supra, el sábado, 25 de marzo y el domingo, 26 de marzo de 2017 también se excluyen del cómputo.

Al computar el término conforme a la Regla 68.1 y 68.3 de Procedimiento Civil de 2009, resolvemos que los cinco (5) días para apelar la Sentencia de desahucio culminaban el miércoles, 29 de marzo de 2017.[6] Por lo tanto, erró el Tribunal de Apelaciones al concluir que la peticionaria tenía hasta el lunes, 27 de marzo de 2017 para presentar el recurso de Apelación.

El que la peticionaria haya presentado su recurso de Apelación en el Tribunal de Primera Instancia tampoco privó de jurisdicción al Tribunal de Apelaciones. La peticionaria presentó el recurso el 28 de marzo de 2017 en la Secretaría del Tribunal de Primera Instancia que emitió la Sentencia apelada, conforme lo permite la Regla 14(c) del Reglamento del Tribunal de Apelaciones, supra. Asimismo, notificó el recurso al Tribunal de Apelaciones el 29 de marzo de 2017; es decir, dentro de las cuarenta y ocho (48) horas que dispone para ello la Regla 14(c) del Tribunal de Apelaciones, supra. Consecuentemente, la recurrida presentó

---

[6] El jueves, 23 de marzo de 2017 fue el primer día. El viernes, 24 de marzo fue el segundo día. El lunes, 27 de marzo fue el tercer día. El martes, 28 de marzo fue el cuarto día. El miércoles, 29 de marzo fue el quinto y último día del término para apelar.

y notificó el recurso de Apelación oportunamente, por lo que el mismo quedó debidamente formalizado.

En fin, erró el Tribunal de Apelaciones al decretarse sin jurisdicción y desestimar la Apelación presentada por la peticionaria.

IV

Por todo lo antes expuesto, revocamos la Sentencia recurrida. Debido a que la peticionaria recurrió oportunamente de la Sentencia de desahucio que emitió el Tribunal de Primera Instancia el 20 de marzo de 2017, el Tribunal de Apelaciones erró al decretarse sin jurisdicción y desestimar el recurso de Apelación. Conforme a lo resuelto en Crespo Quiñones v. Santiago Velázquez, 176 DPR 408 (2009), devolvemos el caso de autos al Panel del Tribunal de Apelaciones correspondiente para que considere y atienda los méritos del recurso de Apelación presentado por la peticionaria.

                                    Mildred G. Pabón Charneco
                                         Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Administración de Vivienda Pública P/C de su agente administrador FPC Crespo Group<br><br>Recurrida<br><br>v.<br><br>Joanie Vega Martínez<br><br>Peticionaria | CC-2017-0625 | *Certiorari* |

SENTENCIA

En San Juan, Puerto Rico, a 10 de mayo de 2018.

Por todo lo antes expuesto, revocamos la Sentencia recurrida. Debido a que la peticionaria recurrió oportunamente de la Sentencia de desahucio que emitió el Tribunal de Primera Instancia el 20 de marzo de 2017, el Tribunal de Apelaciones erró al decretarse sin jurisdicción y desestimar el recurso de Apelación. Conforme a lo resuelto en Crespo Quiñones v. Santiago Velázquez, 176 DPR 408 (2009), devolvemos el caso de autos al Panel del Tribunal de Apelaciones correspondiente para que considere y atienda los méritos del recurso de Apelación presentado por la peticionaria.

Lo acordó y manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Presidenta Interina señora Rodríguez Rodríguez concurre sin opinión escrita. La Jueza Presidenta Oronoz Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo